JOHN H. KIRBY ET AL. v. SARAH L. HAYDEN ET AL.

Decided November 15, 1906.

### 1.—Limitation—Five Years—Deed to Third Party.

The fact that one who buys and pays for land directs the deed to be made to a third party for the purpose of securing such party in a debt would not prevent the purchaser, the equitable owner, from prescribing under the five years statute of limitation. The transaction would be only a mortgage. The statute does not require that the person in possession must claim under a deed to himself.

### 2.—Fraudulent Land Certificates—Act Construed.

The Act of February 4, 1841 (2 Gammel's Laws, 635), to detect fraudulent land certificates and to provide for issuing patents to legal claimants, did not require that a certified copy of the judgment obtained should be filed in the Land Office, but only that the clerk of the court should certify the fact when the claimant obtained a verdict.

### 3.—Same—Archive—Evidence.

A certified copy of a paper, properly an archive of the Land Office, is competent evidence.

### 4.—Same—Act Construed—Judgment—Effect.

A judgment obtained under the provisions of the Act of 1841, to detect fraudulent land certificates, only established the genuineness of the certificate, and did not adjudge the exclusive ownership of the certificate to be in the plaintiff or actor in said proceeding.

### 5.—Spanish Law—Heirship.

Under the Spanish law, which was in force in the Republic of Texas prior to 1840, if an intestate died, leaving brothers and sisters of the full blood, they would inherit all of the estate, to the exclusion of the brothers and sisters of the half blood.

### 6.—Heir—Conveyance—Ouster.

A mere conveyance of the entire tract of land by one of two heirs is not such an ouster of the other heir as would set the statute of limitation in motion.

### 7.—Family History—Evidence.

In the matter of family history the statements of deceased members of the family are competent evidence in the absence of evidence that the statements are self-serving.

### 8.—Cutting Timber—Limitation.

A claim for timber cut from land is barred by the two years statute of limitation when filed more than two years after the trespass.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*Denman, Franklin & McGown, Lanier & Martin, Taliaferro, Nall & Dies* and *Lit Swearengen,* for appellants.—The court erred in rejecting the evidence offered by appellants to show title under the five years statutes of limitation in appellant, to the land in controversy by deeds duly recorded, adverse and peaceable possession and payment of taxes for more than five years, as against the interveners of the first part, P. C. Thompson et al., and in excluding same from the jury. Thomson v. Weisman, 82 S. W. Rep., 503.

The only certificate ever authorized to be issued for any land to which Washington R. Griffin may have been entitled, was the certificate authorized and adjudicated by the decree. This decree adjudicated and authorized a certificate to Jackson H. Griffin, and no one else. The heirs of Washington R. Griffin, if any there be other than Jackson H. Griffin, can not assert nor deraign title through said decree because the decree does not award any title to any certificate to any one save Jackson H. Griffin. The land in controversy was located under the certificate adjudicated in said decree, and the patent to the land was issued upon the certificate decreed by said adjudication and located under said decree. However worded, the patent could confer title upon no one save the party to whom the certificate was awarded by said decree. It must follow that neither under said decree nor the certificate issued thereunder nor the survey made under the certificate, nor the patent granted upon the certificate, any of the brothers and sisters of Washington R. Griffin, save Jackson H. Griffin, acquired any title to the land in controversy. 2 Gammel's Laws, 171; Burkett v. Scarborough, 59 Texas, 495; Fleming v. Giboney, 81 Texas, 428; Davis v. Bargas, 88 Texas, 664; McPhail v. Burris, 42 Texas, 146; Smith v. Walton, 82 Texas, 548; Shinn v. Hicks, 68 Texas, 277; Styles v. Gray, 10 Texas, 504.

The court having excluded the judgment of the District Court of Liberty County awarding the Washington R. Griffin certificate to Jackson H. Griffin, and having submitted the case to the jury on the issue that plaintiffs' title at the time of the bringing of the suit herein originated in the conveyance from Jackson H. Griffin, who the court stated in its charge was a half brother of Washington R. Griffin, and the evidence conclusively showing that said Jackson H. Griffin had a full sister, Scythia Gregg, plaintiffs could not have acquired from said Jackson H. Griffin more than a half interest in the land in controversy, and under such title, if superior to that of the defendants, would have been tenants in common to the parties holding under Scythia Gregg, viz: the intervenors of the second part, and the three years statutes of limitation could not apply. Veramendi v. Hutchins, 48 Texas, 550; Trammell v. McDade, 29 Texas, 360; Taylor v. Ashley, 15 Texas, 53; Childress v. Grim, 57 Texas, 59; Cole v. Grigsby, 35 S. W. Rep., 685; Cole v. Grigsby, 89 Texas, 229; Bartell v. Kelsey, 59 S. W. Rep., 633; McGahan v. Baylor, 32 Texas, 795.

The court erred in admitting in evidence, over defendants' objection, the testimony, by deposition, of the witness Evilena G. Thompson, as to who were the brothers and sisters of Washington R. Griffin and the sons and daughters of Absolom Griffin, for the following reasons:

(1) Because the same was hearsay, the witness's testimony showing that she did not and could not know same of her own knowledge, but acquired such knowledge from declarations made by her mother and her mother's brothers and sisters, who were, at the time such declarations were made, according to the witness's testimony, heirs of Washington R. Griffin and were, therefore, self-serving and inadmissible.

(2) Because she does not state affirmatively her means or source of information, further than to state that "My mother and others told me of their other brothers and sisters," such statements by the witness being obscure, vague, indefinite and uncertain, and the witness nowhere

stating whether the persons from whom she obtained her information were living or dead and when she·obtained such information from such persons. Byers v. Wallace, 87 Texas, 503.

*Lemuel D. Lilly* and *Smith, Crawford & Sonfield,* for appellees.— The undisputed evidence showing that L. L. Loftin occupied the premises in 1887 and 1888 as the tenant of Hayden and continued using and enjoying them until 1895, recognizing at all times the title of the plaintiffs, his possession was the possession of the plaintiffs. O'Connor v. Dykes, 29 S. W. Rep., 920; Mattfeld v. Huntington, 43 S. W. Rep., 53; Juneman v. Franklin, 67 Texas, 411; Flanagan v. Pearson, 61 Texas, 302; Coyle v. Franklin, 54 Féd. Rep., 644.

"In suits of trespass to try title, the general law of limitation as to injury to the estate of another does not apply. When the suit is strictly for damages to an estate, or to land, the general law of limitations is applicable, but when the suit is in trespass to try title, the statute regulating such suits governs. Rev. Stats. 1879, arts. 4809, 4814, 4815; Gulf, C. & S. F. Ry. v. Poindexter, 70 Texas, 107."

Mrs. Gregg and those claiming under her as heirs are now estopped as against the plaintiffs claiming under the deed from Jackson H. Griffin, if he made such a deed, by the doctrine of stale demand. If Jackson H. Griffin made the deed claiming the whole title and conveying the whole title, then Mrs. Gregg had only an equitable right in the land as against the transferees, to which claim the doctrine of stale demand applies. Howard v. Stubblefield, 79 Texas, 1; Abernathy v. Stone, 81 Texas, 430; Frost v. Wolf, 77 Texas, 455; Fuller v. Coddington, 74 Texas, 334.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a survey of 1,476 acres of land in Hardin County brought by Sarah L. Hayden and others as heirs and devisees of Peter Hayden against John H. Kirby, W. L. Moody and Lit Swearengen. The suit· was filed on December 20, 1900. W. L. Moody disclaimed title, and the other defendants answered by plea of not guilty and special pleas of limitation of two, three, five and ten years.

After the institution of the suit the defendant Kirby conveyed the land to the Houston Oil Company and by an amended petition the receivers of said company were made parties defendant. These defendants answered by plea of not guilty, and special pleas of limitation of three, five and ten years.

On the 18th day of October, 1904, P. C. Thompson and others claiming to be the heirs of Washington R. Griffin, to whom the certificate upon which the land was patented was issued, intervened in the suit and asked for recovery of the land.

On October 23, 1905, S. M. Kidd and others intervened claiming title to an undivided one-half of said land as heirs of Scythia Gregg, who they alleged was a sister of Washington R. Griffin, and as such inherited one-half of the land.

On the 18th day of October, 1904, plaintiffs and the interveners Thompson and others, who will be hereinafter designated the first in-

terveners, settled their difference by agreeing that in event either should recover in this suit the land so recovered should be divided between them. This agreement was entered of record in the minutes of the court.

In addition to their general claim of title and ownership plaintiff specially pleaded title by limitation of three, five and ten years.

The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiffs and the first interveners for all of the land, and for damages against the defendant Kirby in the sum of $1,908.92.

Under their plea of limitation of five years defendants offered to show their exclusive and continuous possession of the premises by a tenant, and the concurrent payment of taxes thereon for more than five years before the petition of the first interveners was filed; and in further support of this plea they also offered in evidence a deed from C. M. Votaw to W. L. Moody duly executed and recorded on April 28, 1897, and offered to prove by said Votaw, in substance, that he sold the land to the defendant Kirby on April 28, 1897, and that Kirby paid him therefor and directed him to make the deed to W. L. Moody for the purpose of securing an indebtedness due by Kirby to said Moody, and that Moody held the land in trust until he conveyed it to Kirby on March 21, 1901. Plaintiffs objected to all of this evidence on the ground that the legal title to the land not having been in Kirby during the entire five years' occupancy of the premises by his tenant such occupancy together with the concurrent payment of taxes could not perfect title in Kirby by limitation. The court sustained this objection and refused to admit the evidence, and this ruling is complained of by the first assignment of error.

The five years statute of limitation does not require that the person in possession must claim under a deed to himself in order to acquire title, but only requires that he claim under a deed. In the case of Thomson v. Weismann, 82 S. W. Rep., 503, the Supreme Court holds that one who had bought and paid for land, the deed to which was taken in the name of a third party who held in trust for the purchaser, could prescribe under this statute, the other requirements of the statute having been fulfilled. This decision is conclusive of the question raised by the assignment above mentioned and fully sustains appellant's contention. If the land was bought and paid for by Kirby and by his direction the deed was made to Moody, not for the purpose of passing the title to him, but only to secure him in an indebtedness due him by Kirby, he held the legal title in trust for Kirby's benefit, his right in the land being only that of a mortgagee. Under these facts the claim of title by Kirby under the deed to Moody would enable him to acquire title to the land under the five years' statute of limitation by showing a compliance with the other requirements of the statute.

The verdict of the jury was a general one in favor of plaintiffs and the first interveners and it can not be determined under the evidence and charge of the court whether the verdict was based on a finding that the title was in plaintiffs or in the first interveners, these parties having, as before stated, by an agreement entered in the minutes of the court and of which the jury were informed by the charge, consented that each should hold under the title of the other and the land recovered should

be divided between them. Upon this state of the record it is clear that the refusal of the trial court to allow the defendants to introduce evidence tending to establish their plea of limitation as against the first interveners must reverse the judgment as to plaintiffs as well as to said interveners, the evidence not being such as to authorize the holding that plaintiffs were entitled to a judgment as a matter of law.

The defendants claimed title under a deed from the heirs of Jackson H. Griffin, who was a half brother of Washington R. Griffin, the original grantee.

The first interveners claimed as heirs of the full brothers and sisters of said Washington R. Griffin, and the second interveners claimed as heirs of Scythia Gregg, a full sister of Jackson H. Griffin, and half sister of Washington R. Griffin.

Plaintiffs attempted to show title by limitation and also through a deed to their ancestor, Peter Hayden, from Nelson Clements and Thomas Hayden executed in 1858. This deed recites that the land had been previously conveyed to the grantors therein by C. C. Lund. No deed from Lund was shown and no conveyance to Lund, but plaintiffs claim that the circumstances shown by the evidence were sufficient to authorize the finding that Lund had acquired title to the land and had conveyed it to Nelson Clements and Thomas Hayden prior to their conveyance to Peter Hayden before mentioned.

The patent was issued to the heirs of Washington R. Griffin, and recites that it was issued by virtue of a decree of the District Court of Liberty County rendered on the 1st day of May, 1848.

In support of their claim of title under Jackson H. Griffin the defendants offered in evidence the following certified copy of an instrument on file in the General Land Office:

"The State of Texas, ⎱
County of Liberty, s. s. ⎰

District Court, May Term, 1843.

"Whereas, Jackson H. Griffin filed his petition in the District Court for the county of Liberty, Republic of Texas, at the September term, A. D. 1841, thereof, in conformity with an act entitled, 'An Act Supplementary to an Act to detect fraudulent land certificates, and to provide for issuing patents to legal claimants. Approved February 4, 1841,' alleging that Wm. M. Logan, administrator of Washington R. Griffin, deceased, obtained from the Board of Land Commissioners for the county of Liberty a certificate for one-third of a league of land dated the first day of February, A. D. 1838, and number 15. That the Board of Commissioners appointed under Act entitled, 'An Act to detect fraudulent land certificates and to provide for issuing patents to legal claimants,' passed 28th January, A. D. 1840, rejected said certificate, said plaintiff further alleged that he was the only heir of said Washington R. Griffin, and a jury of good and lawful men of the body of said county of Liberty being duly impanelled, tried and sworn to try the issue between said plaintiff and the State of Texas, and after hearing the evidence and being duly charged retired, and after consultation brought in the following verdict, to wit: 'We the jury find for the plaintiff one-third of a league of land. James M. Clayton, Foreman.'

"These are therefore to certify that said Jackson H. Griffin at a District Court holden in and for the county of Liberty, State of Texas, on the first day of May, A. D. 1848, recovered a verdict for one-third of a league of land, and that judgment was duly entered up thereon in favor of said Jackson H. Griffin for one-third of a league of land as aforesaid.

"To certify all of which, I, George S. Loving, clerk of the District Court, in and for the county of Liberty, State of Texas, have hereunto set my hand and affixed the sail of the District Court this day of May, A. D. 1848.

(Seal.)                                    George S. Loving, Clerk.
                                           By Chas. C. Lund. Deputy.

"Approved:  C. W. Buckley, Judge Seventh Judicial District, J. H. Griffin.                                           File 278.

"Liberty District Court, ⎰
      May Term, 1848.     ⎱
Decree of District Court of Liberty County, one-third league.
                    Washington R. Griffin, Deceased.
                         Filed 17th December, 1853.
                             Mgl. 64911.
        Certificate for one-third of a league of land.   Gilkland.
                         General Land Office,
                              Austin, Texas, March 19, 1902.
"I, Charles Rogan, Commissioner of the General Land Office of the State of Texas, do hereby certify that the above and foregoing is a true and correct copy of the original, together with all the endorsements thereon now on file in this office.

"In testimony whereof, I hereunto set my hand and affix the impress of the seal of said office the date last above written.
(Seal.)            .                        Charles Rogan,
                              Commissioner General Land Office."

This certificate of a decree was offered in evidence for the purpose of showing title in Jackson H. Griffin to all the land. Upon objection by plaintiffs that the instrument offered did not purport to be the original, and was not a certified copy of the judgment of the District Court of Liberty County, and was therefore not admissible in evidence, the trial court refused to admit it. This objection offered to the instrument should not have been sustained. The statute did not require that a certified copy of the judgment should be filed in the Land Office, but provides that when a claimant in such proceeding obtains a verdict the clerk shall make out a certificate to that effect. (Act of February 4, 1841; Gammel's Laws, vol. 2, p. 635.) The certificate offered in evidence is in compliance with the statute, and having been filed in and become an archive of the General Land Office a copy thereof was admissible in evidence when properly certified by the Commissioner.

We do not think, however, that this judgment conclusively established title to the certificate in Jackson H. Griffin. The judgment recites that the certificate had been previously issued to the administrator of

Washington R. Griffin and had thereafter been rejected as fraudulent by the Board of Commissioners appointed under the Act of January 29, 1840. The primary purpose of the proceedings, as clearly shown by the Act under which they were brought, was to establish the original right of Washington R. Griffin to the certificate, and not the claim of Jackson H. Griffin as sole heir of said Washington. The statute provides that the suit could be brought by the owner or holder of the claim.

There is evidence in the case that Washington R. Griffin had at the time of his death several brothers and sisters of the whole blood who were the ancestors of the first interveners, and that he died prior to the year 1840. The evidence further shows that Jackson H. Griffin and Scythia Gregg were his brother and sister of the half blood. Under the Spanish law, which was in force in the Republic of Texas prior to 1840, if an intestate died leaving brothers and sisters of the full blood they would inherit all of the estate as against brothers and sisters of the half blood. We think it clear that the decree of the District Court of Liberty County in favor of Jackson H. Griffin was not conclusive of his ownership of the certificate, but only established its genuineness, and the patent which thereafter issued under said decree to the heirs of Washington R. Griffin placed the title in the full brothers and sisters of said Washington, if he died prior to 1840, and left such surviving him, as claimed by the first interveners. To hold otherwise would be to divest the owner of his property without giving him his day in court. (Buster v. Warren, 80 S. W. Rep., 1063.)

The trial court instructed the jury that in event they found that Jackson H. Griffin had conveyed the land to C. C. Lund that they must find against the claim of the second interveners. We do not understand upon what theory of the case this instruction was given. The second interveners did not claim through Jackson H. Griffin, but as heirs of Scythia Gregg, a sister of said Jackson, and a conveyance of the land by Jackson Griffin could not have affected the title of Mrs. Gregg or those claiming under her. If, as claimed by the defendants and the second interveners, Washington Griffin had no brothers or sisters of the full blood, then the whole of his estate was inherited by Jackson Griffin and Mrs. Gregg, who are shown by the undisputed evidence to have been his brother and sister of the half blood.

The appellees contend that the instruction above mentioned was correct because the conveyance by Jackson Griffin of the whole of the land was an ouster of his co-tenant, Mrs. Gregg, and this ouster having occurred more than fifty years ago her heirs are barred against any recovery by mere lapse of time. We know of no such rule, and appellees have cited no authority sustaining their contention. If the legal title to the whole of the land had been held by Jackson H. Griffin for himself and his sister, his conveyance of the whole would have been repudiation of the trust, and Mrs. Gregg and her heirs might, after this lapse of time, be barred of any recovery; but this principle can not be applied in this case because no trust relation existed, and Mrs. Gregg and those claiming under her would only be barred of recovery by adverse possession under one of the statutes of limitation of suits for the recovery of land.

According to the testimony introduced by the first interveners it ap-

pears that David C. Griffin, one of the full brothers of Washington R. Griffin, has no direct heirs now living, and the interest he inherited from his brother, Washington, has passed to his collateral heirs among whom are the second interveners and the heirs of Jackson H. Griffin under whom defendants claim, and if upon another trial the jury should find that Washington R. Griffin left brothers and sisters of the full blood, as claimed by the first interveners, and that plaintiffs have no title except through their agreement with said interveners, the defendants and the second interveners would be entitled to recover the interest inherited by them through the said David C. Griffin.

We do not think the trial court erred in admitting the testimony of Mrs. Thompson giving the names of the full brothers and sisters of Washington R. Griffin and the date of the latter's death. The statements of the witness show that her information was derived from her mother who was dead at the time the witness testified, and who was one of the sisters of Washington R. Griffin. The matters testified about were family history and not subject to the objection that the testimony was hearsay. The statements of the deceased members of the family from which it is shown the witness derived her information were not self-serving, because there is no evidence that at the time they were made those making them had any knowledge that the said Washington R. Griffin left any estate, and therefore the declarations could not have been made for the purpose of bolstering up any claim to any property belonging to said estate. (Boone v. Miller, 73 Texas, 564; Byers v. Wallace, 87 Texas, 511.)

The damages recovered against the defendant Kirby was for the value of timber which plaintiffs and the first interveners claim was taken from the land by him or under his authority. The undisputed evidence shows that most of the timber cut from the land was taken more than two years before the first interveners filed their petition herein, and the claim of said interveners for said damages was barred as to all of the timber which had been taken two years before their intervention, and if plaintiffs can only recover under the title acquired by them from said interveners their claim for damages is likewise barred to the same extent.

In view of another trial it would not be proper for us to discuss or pass upon the assignments which only present issues of fact arising upon the evidence. None of the remaining assignments present any error or raise any question which is likely to occur upon another trial.

For the errors before indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*