**GOLDMAN v. RAMSAY et al.**
No. 4349.

Court of Civil Appeals of Texas. Texarkana.
June 8, 1933.

Rehearing Denied June 24, 1933.

Ben M. Goldman, of Los Angeles, Cal., C. R. Newland, of Linden, and Schluter & Singleton, of Jefferson, for appellant.

King, Mahaffey, Wheeler & Bryson, of Texarkana, and P. G. Henderson, of Jefferson, for appellee.

SELLERS, Justice.

This suit was filed on October 27, 1931, by Jacob Goldman against H. F. Ramsay and P. L. Kennedy, administrators of the estate of W. P. Ramsay, deceased, to recover $10,-000 damages for the willful and unlawful cutting of timber from the plaintiff's land.

It is alleged by plaintiff that W. P. Ramsay, a bachelor, died intestate on January 5, 1931, and on January 28, 1931, H. F. Ramsay and P. L. Kennedy were duly appointed and qualified as administrators of his estate. It is further alleged that W. P. Ramsay during his lifetime owned a sawmill in the eastern part of Marion county, located close to plaintiff's lands described in the petition. Upon this land it is alleged there was growing large quantities of pine, oak, and gum timber, and the petition further contains the following allegations:

"Plaintiff further shows to the court that during the years of 1929 and 1930, the said W. P. Ramsay, his agents, servants and employees, without the authority, knowledge or consent of this plaintiff, unlawfully, willfully and knowingly entered upon the above named lands and that portion thereof owned by this plaintiff, and cut and removed therefrom more than 300,000 feet of timber, and converted the same to his own use and benefit; that by reason of the unlawful, willful, knowing and intentional acts of the said W. P. Ramsay, his agents, servants and employees in cutting and removing said timber from said lands, and converting the same to his own use and benefit, the said W. P. Ramsay became liable to the plaintiff for the value of said timber in its manufactured state, which plaintiff says was and is in the sum of Ten Thousand ($10,000.-00) Dollars.

"Plaintiff further says that before the death of the said W. P. Ramsay, he made demand on him to pay for the timber so cut and removed and converted by him, the said W. P. Ramsay, his agents, servants and employees, but the said Ramsay failed and refused to pay for the same to plaintiff's damage in said sum of $10,-000.00 and plaintiff further says that since the death of the said W. P. Ramsay, and the appointment and qualification of the defendants herein as administrators of his said estate, this plaintiff prepared his account in due form and duly verified by the oath of plaintiff, and presented the same to said defendants as such administrators on the 27th day of October, 1931, for their approval and allowance, but that they and each of them refused to approve or allow or pay the same, but rejected said account, a copy of which is hereto attached, marked Exhibit B."

The petition closes with a prayer for judgment for his damages in the sum of $10,000 and asks that such judgment be certified to the probate court for observance. The defendants answered by pleas in bar, limitation of two years, general demurrer, and general denial. At the close of the evidence of both parties the court submitted the case to the jury upon the following issues:

"Issue No. 1: Do you find from a preponderance of the evidence that W. P. Ramsay, his agents or employees cut and removed timber from any of the land described in plaintiff's petition subsequent to the 6th day of October, 1929?" Answer: "Yes."

"Issue No. 2: What was the reasonable cash market value of the timber so cut and removed, if any, from the land described in the plaintiff's petition subsequent to such date not to include timber on the lots set out in Exhibit A attached thereto on date of its removal?" Answer: "$350.00."

At the plaintiff's request the court submitted to the jury the following issue: "Issue No. 3: What was the market value of the lumber, if any, made from the timber cut from and off these lands in its manufactured state? Answer in dollars and cents." Answer: "$1400.00."

Upon the verdict of the jury the court entered judgment for the plaintiff for the sum of $350, to which judgment all parties excepted and gave notice of appeal and the plaintiff has duly prosecuted this appeal.

■ Appellant contends that the court erred in limiting his recovery to only so much of the timber as was cut after October 6, 1929, on the ground that limitation did not begin to run until the last of the timber was cut and removed. The contention cannot be sustained. The suit is one of trespass for injury done to real estate and is therefore controlled by subdivision 1, art. 5526, R. S. 1925, which limits the recovery to the damages done within two years immediately before the filing of the suit, and it has been held in cases of this character that only the value of the timber cut and removed within two years immediately preceding the filing of the suit can be recovered against a plea of limitation. Kirby et al. v. Hayden et al., 44 Tex. Civ. App. 207, 99 S. W. 746.

■■ A further contention of appellant is that the court erred in refusing to enter judgment for appellant for value of the lumber made from the timber taken from his land, the evidence being sufficient to show a willful and intentional trespass in causing the timber to be cut. It is true that the title to the timber or the lumber made therefrom remained at all times in the appellant; and had this action been one to recover the specific timber or the lumber made therefrom, he would have been entitled to recover it from any one in possession thereof even though they be innocent purchasers of the same, and notwithstanding that the original taker of the timber might be dead. But when the suit is one, as here, to recover simply the value of the timber taken against the one cutting the timber, the measure of damages is the value of the timber as taken from the land at the place where taken, and should a willful and intentional taking of the timber be shown, and it be further shown that the timber was manufactured into lumber, then the authorities in this state are in accord that the value of the lumber may

be recovered. However, when the suit, as here, is against the administrators of the estate of the one cutting the timber, it is believed that the willful and intentional motive in taking the timber cannot be considered, and the appellant's recovery will be limited to the value of the timber in the same manner as if it had been obtained by the consent of the appellant. Ferrill's Administratrix v. Mooney's Executors, 33 Tex. 219.

■ Appellees in their cross-assignment complain of the court's refusal to sustain their plea in bar in that the suit was not brought within ninety days after appellant's claim was refused by the administrators as required by article 3522, R. S. 1925. This statute has recently been construed by the Commission of Appeals in an opinion by Justice Ryan in the case of Anderson v. First Nt'l. Bank of El Paso, 120 Tex. 313, 38 S.W.(2d) 768, in which was approved the case of Ferrill's Administratrix v. Mooney's Executors, supra, wherein it was held:

"We now pass to the third cause of exception. By Article 1310 it is provided that no holder of a claim for money against the estate of a deceased person shall bring a suit thereon, unless such claim, properly authenticated, has been presented to such executor or administrator, etc.

"The words 'claim for money' have received the construction of this court to mean liquidated claims. (Hall v. McCormick, 7 Tex. 275.) It certainly could not be in the minds of the Legislature to cause a party to make oath as to the amount due on a claim upon which there had been no agreement between the parties, and thus open a door to perjury, and to favor a person in an inverse ratio to his conscience."

Under these authorities we think appellees' cross-assignment should be overruled.

■ It seems to be conceded by both parties that the evidence in this case is such that the jury's finding as to the value of the timber taken after October 6, 1929, could not have been arrived at except by pure guess, in that the evidence only shows that the timber was cut in the years 1929 and 1930, and no witness undertook to even estimate what portion of the timber was cut after October 6, 1929, or before.

In this state of the evidence we have concluded that the judgment should be set aside and the cause remanded, and it is so ordered.