### BROOKS et al. v. TEMPLE LUMBER CO.

#### No. 3117.

Court of Civil Appeals of Texas. Beaumont.

April 22, 1937.

J. R. Bogard, of San Augustine, and J. R. Anderson, of Center, for appellants.

Minton & Minton, of Hemphill, and R. E. Minton, of Lufkin, for appellee.

WALKER, Chief Justice.

This suit was filed in district court of Sabine county by appellants, Jennie Pratt Brooks and her husband, W. A. Brooks, against appellee, Temple Lumber Company, a corporation, for the manufactured value of timber cut and removed by appellee from certain land in Sabine county claimed by appellants; in the alternative, appellants claimed the stumpage value of the timber; they also claimed exemplary damages. The jury found that the stumpage value of the timber was $3 per thousand feet, and the manufactured value $10 per thousand; that 222,638 feet of the timber sued for was cut and removed more than two years prior to the 28th day of January, 1935, the date this suit was filed, and 23,778 feet subsequent to that date, and that all the timber was manufactured into lumber subsequent to that date; the jury also found facts sustaining appellants' demand for the manufactured value of the timber. On the verdict, judgment was rendered in appellants' favor for $237.78, the manufactured value of the timber cut subsequent to the 28th day of January, 1933.

Appellants' first point against the judgment is that, since the timber was manufactured into lumber within two years prior to the institution of this suit, their claim for the manufactured value was not barred by limitation. This contention is denied. The foundation of appellants' claim was the act of appellee in cutting and removing the timber from the land claimed by them, and limitation began to run against their cause of action for conversion from that date. Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S.W. 36; Port Arthur Rice Milling Co. v. Beaumont Mills, 105 Tex. 514, 143 S.W. 926, 148 S.W. 283, 150 S.W. 884, 152 S.W. 629; Wallace v. Burson (Tex.Civ.App.) 86 S.W.(2d) 803; Kirby v. Hayden, 44 Tex.Civ.App. 207, 99 S.W. 746; Goldman v. Ramsay (Tex. Civ.App.) 62 S.W.(2d) 176.

In making his argument to the jury appellee's counsel wrote on a blackboard,

in the presence of the jury, the following statement:

"January 13, 1933, cut 89,510 feet
January 16, 1933, cut 55,910 feet
January 17, 1933, cut 77,218 feet

Total      222,638 feet,"

as being the testimony on the amount of timber cut prior to January 28, 1933. After the case was submitted to the jury and it retired to consider its verdict, and when court adjourned, the figures written on the blackboard by appellee's counsel were not erased. In its deliberations the jury was in a room adjacent to the courtroom. During the deliberations some member of the jury went into the courtroom and took from the memorandum on the blackboard the figures given above, and in returning its verdict the jury accepted the statement on the blackboard as reflecting the correct amount of timber cut prior to January 28, 1933. On motion for a new trial appellants assigned as misconduct on the part of the jury its act in the particulars just enumerated. Appellants argue that the jury considered the statement on the blackboard "for the purpose of answering certain material issues"; that "such action on the part of the jury amounted to and was the reception of new and unsworn evidence * * after the jury had retired * * and was tantamount to the jury's taking * *" with them in their retirement evidence not provided for by article 2193, Revised Civil Statutes. Appellants make no statement in support of this proposition except as summarized above, with this addition: "Defendant plead limitation and there is a wide difference between the testimony of the witnesses with reference to the amount of timber cut and the dates that it was cut"; appellants make no statement from the record to support this conclusion. The statement of facts is before us in two volumes containing 214 pages. We have gone through this statement of the testimony and find no conflict as to the amount of the timber cut and as to the date of the cutting. On this construction of the testimony by us appellants were not injured by the conduct of the jury in the respects assigned.

Appellants assign error against the testimony of W. H. Jones on the issue of the date of the cutting of the timber. Their proposition is that Mr. Jones' testimony was hearsay and was based on the records of the "saw scaler." Appellants have not correctly construed Mr. Jones' testimony; he testified from his own records. We quote as follows from his testimony:

"Q. Mr. Jones, do you know when the cutting of this timber north of Low's Creek on the Dan Tatum was begun? A. Yes, sir.

"Q. When was it? A. This particular piece was January 13th, was the first day, and the 16th and 17th was the next days, we cut three days on that.

"Q. What year was that? A. 1933.

"Q. January 13th, 16th and 17th, 1933? A. 1933. * * *

"Q. Don't you know as a matter of fact there wasn't any timber cut off that tract after February 23rd, 1933, are you testifying from your own individual recollection? A. Testifying from the record, the five days that the timber was cut.

"Q. Have you got those records? A. Yes. sir, we can get them; the saw scaler made them.

"Q. Who made them? A. The man scaling the timber kept a record of every day cut on the survey.

"Q. Were they your records, in your handwriting? A. My record is the 13th, 16th and 17th, and the last two days, the 15th and 16th of June. * * *

"Q. But you are testifying from the saw scaler's records? A. The saw scaler—we got together and they show the same thing.

"Q. And that is what you are testifying from? A. That is the way, I got to go back to my records."

By cross-assignment appellee asserts that the deed through which appellants claim the land in controversy was void because of defective description; appellants held the land under the following deed:

"The State of Texas ⎱
"County of Sabine  ⎰

"Know all men by these presents that I, H. Pratt, of Sabine County, Texas, for and in consideration of the sum of Ten ($10.00) Dollars to me in hand paid by Jennie Pratt, also of Sabine County, Texas, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Jennie Pratt, the following described tract of land to-wit:

"The same being known as a part of the Daniel Tatom pre-emption lying North of

Lows Creek and contains ten acres more or less. * * * "

Appellee makes the point that the deed does not locate the Daniel Tatom preemption "in any nation, state or county." This exception does not render the deed void. Every point urged by appellee is answered by the opinion of this court in Langham v. Gray, 227 S.W. 741, and the many authorities cited and reviewed therein.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.