FERRILL'S ADMINISTRATRIX v. MOONEY'S EXECUTORS.

1. A claim for the actual value of cattle killed and used by a trespasser does
   not abate by the death of the owner of the cattle, nor by the death of
   the trespasser, but survives as a demand for and against their respec-
   tive estates.   The maxim that " personal actions die with the person "
   does not apply to such claims.

2. By " a claim for money," as mentioned in Article 1310, Paschal's Digest,
   is meant a liquidated claim, and not a mere demand for unliquidated

damages; and it is not necesiary that a demand of the latter character against an estate should be probated before suit can be brought upon it.

APPEAL from Gonzales.

This action was brought by the administratrix of the estate of W. W. Ferrill, deceased, against the executors of the last will and testament of John Mooney, deceased. The petition alleged that said Mooney, in his lifetime, on the first of January, 1864, was indebted to the said W. W. Ferrill in an account for the sum of three hundred dollars, for thirty grown hogs, of the value of ten dollars each, which he (said Mooney) killed, or caused to be killed and destroyed, and which hogs belonged to the said Ferrill. There were further allegations of an indebtedness in the original petition, and an account for thirty hogs at ten dollars each, sworn to in probate form, was filed with it, and alleged to have been presented to and rejected by the executors of Mooney.

Several exceptions and answers to the original petition were filed by the defendants, and among them that the suit was not brought within three months after the rejection of the account.

Thereupon, the plaintiff so amended as make the action in substance a suit of trover, alleging a conversion of the hogs, etc.

The court below sustained the exceptions of the defendants, and rendered judgment in their favor, from which the plaintiff appealed.

*Harwood & Harwood*, for the appellant.—The defense mainly relied on is presented in defendant's first exception, viz.: That plaintiff's cause of action died with the defendant's testator, and does not survive against his executors, under the maxim, *"Actio personalis moritur cum persona."*

In the case of Taney v. Edwards, 27 Texas Reports, 224, this court says: "Our statutes do not define the suits in which the cause of action will survive either for or against the representatives of a deceased party. Hence, to determine this we must look

to the common law; and here we find it a fixed rule, that in all cases of injury to the person, whether by assault, battery, false imprisonment, slander or otherwise, if either the party who received or committed the injury die, no action can be supported either by or against the executors, or other personal representatives." (1 Chitty's Pl., 68.) The case at bar is not for any injury to the person of plaintiff's intestate, but for an injury to and appropriation of his personal property. That such an action does survive against the personal representatives of a deceased party, and in favor of the personal representatives of a deceased party, see Id., p. 70; 2 Kent's Com., p. 416, note C; Williams on Executors, vol. 1, p. 669–70; vol. 2, p. 1475.

The defendants' second exception charges, that plaintiff's petition does not state the place or manner of the wrong and injury with sufficient certainty to enable defendants to defend against the same, and is therefore defective and insufficient, etc.

This is in the nature of an action of trover. No more certainty is required than in a common law declaration. And in such a declaration for "taking away goods or chattels," it is in general necessary that their quality, quantity or number and value or price should be stated. The reason assigned is, that a former recovery could not otherwise be pleaded in bar of a second action for the same goods, neither could the defendant properly defend himself, etc. Again, "In trover, trespass, and case, less particularity is required than in detinue or replevin, because it is only in the two latter forms of action that the plaintiff can claim or recover the goods themselves. In trover, trespass and case, damages only are recoverable, and the specification of quality and quantity, in a general way, is allowed, as ' two packages of flax ;' ' two ricks of hay ;' ' a library of books,' " etc. Again, "a black mare of the value of $100 held a sufficient description." (See vol. 1, Chitty's Pl., pp. 377–8, and notes 1 and 2.)

The description in the petition is "for thirty grown hogs worth

the sum of ten dollars apiece, killed sometime in the Summer or Fall of 1863." It is confidently submitted that the description is sufficient.

Again, exception third charges that this suit was not instituted within three months from the time the claim sued on was first presented, etc., and therefore plaintiff is estopped by law from ever afterwards instituting any suit thereon, etc.

The demurrer and exceptions admit the truth of all the allegations of the petitioner. On this point the allegations are, that W. W. Ferrill, plaintiff's intestate, died about the ———— day of ————, 1865, and that she was appointed administratrix of his estate by the County Court of Gonzales county at its June term, A. D. 1868. That the account for the value of the said hogs was regularly made out and sworn to, and presented to Lev. Willis, one of the executors of the testator, John Mooney, deceased, and that the same was rejected by him on August 14, 1868, and this suit was filed on August 22, 1868, within eight days after the rejection of the claim by the executor.

*J. F. Miller,* for the appellees.—The first exception was that the suit was for a tort committed by Mooney in his lifetime, and did not survive against his executors.

What actions do or do not survive against the representatives of a decedent, must be determined by the common law. (27 Tex. R., 224.) At common law actions for the malfeasance or misfeasance of a party do not survive against his executors. (Williams on Executors, vol. 2, p. 1470; Blackstone, Sharswood, book 3, pp. 301 and 302; Chitty's Pleadings, pp. 77, 78 and 79; People v. Gibbs, *et al.,* 9 Wendell's R., 29; 11 Gratton, 202; 1 Bay R., 28; 3 Mass., 321; 1 Caines, 124.)

The second special exception was that the declaration did not allege the time, place or manner of the killing, with sufficient certainty to enable the defendants to plead against it. In actions

*ex delicto* the time and place of the act must be alleged specially. (Chitty's Pleadings, p. 362.)

The third exception was a special plea of the statute of limitations, of two years, in bar of this suit.

The trespass was alleged to have been committed some time in 1863. This must be taken most strongly against the pleader. We may therefore construe it to have been done in January, 1863. This suit was filed twenty-second of August, 1868, nearly six years afterwards.

The statute of limitations for torts was not stopped during the war, (Paschal, Art. 4631,) but if, by the death of Ferrill, the statute was stopped for one year, still sufficient time had elapsed to bar this claim.

For these reasons I submit that the judgment should be affirmed.


MORRILL, C. J.—The points for adjudication, and which are raised by the pleadings in this case are :

First—Whether a claim for killing and butchering and using certain animals, against a party thus trespassing, abates by the death of the trespasser or claimant, or of both.

Second—Whether the statutes of limitation apply when there is no administration on the estate of the party claiming the damages.

Third—Whether it is necessary to present the claim for the damages to the administrators of the estate of the one taking the animals.

As the injuries complained of did not affect the person injured, either physically, morally or mentally, but only in his property, and as the pleadings do not raise or seek vindictive or exemplary damages for a tort, but simply seek to recover the value of property, this is not a personal action. It is simply an action to recover property or its value. The wrongful method of obtaining

the property cannot be considered, but simply the value of the property, in the same manner as if it had been obtained by consent of the owner.

In the case of Taney v. Edwards, 27 Texas, 225, the court say: "That in all cases of injuries to the *person*, whether by assault, battery, false imprisonment, slander or otherwise, if either the party who received or committed the injury die, no action can be supported either by or against the executors or other personal representatives," by the common law of England.

The next question regards the act of limitations of two years, Article 4604.

The cause of action took place in 1863, but the several stay laws passed and in force at that time (Arts. 5125 to 5146) suspended all laws for the collection of debts. "*Inter arma leges silent.*"

Besides, the ordinance of 1866, No. 11, section six, provides "that in all civil actions the time between the second day of March, 1861 and second day of September, 1866, shall not be computed in the application of any statute of limitations."

The suit was instituted on the twenty-second day of August, 1868, and as there was not two years from the second of September, 1866, to the twenty-second of August, 1868, the act of limitations does not apply.

We now pass to the third cause of exception. By Article 1310 it is provided that no holder of a claim for money against the estate of a deceased person shall bring a suit thereon, unless such claim, properly authenticated, has been presented to such executor or administrator, etc.

The words "claim for money" have received the construction of this court to mean liquidated claims. (Hall v. McCormick, 7 Tex., 275.) It certainly could not be in the minds of the Legislature to cause a party to make oath as to the amount due on a claim upon which there had been no agreement between the par-

ties, and thus open a door to perjury, and to favor a person in an inverse ratio to his conscience.

Besides, the justness of the claim does not have a reference to the amount originally agreed upon, for that is usually reduced to writing, but is supposed to contemplate the payments that may have been made upon the liquidated claim.

We have thus taken into consideration all the causes of demurrer; and because the judge erred in sustaining the demurrer the judgment is reversed.

Reversed.