TEXAS & NEW ORLEANS RAILROAD COMPANY v.
PLUMMER SMITH ET AL.

Decided March 31, 1904.

**1.—Heirs—Injury to Property—Burden of Proof.**

Plaintiffs suing, as heirs of their deceased parents, to recover damages for injury to property occuring before the death of the parents, could not recover the whole amount of the damages in the absence of proof that they are the sole heirs, nor any part thereof without showing what proportion of the whole damages they, as heirs, were entitled to recover, the burden of proof of the extent of their interest being upon plaintiffs.

**2.—Measure of Damages—Opinion Evidence—Market Value.**

The measure of damáges for injury to a peach orchard was the difference between the market value of the land upon which the orchard was situated before and after such injury, and it was error to permit witnesses to give their opinion as to the market value of the land where the testimony showed that they were not acquainted with the market value of plaintiffs' land or of similar land with orchards thereon.

**3.—Tort—Injury to Property—Death—Survival of Action.**

A right of action for injury by trespass to the real property of a decedent during her life, being assignable, survived her death and could be maintained by her heirs.

Appeal from the District Court of Cherokee. Tried below before Hon. Tom C. Davis.

*Baker, Botts, Baker & Lovett* and *Willson, Box & Watkins,* for appellant.

*Campbell & McMeans* and *John F. Weeks,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees brought this suit against appellant to recover damages for injury to a peach orchard alleged to be the property of the plaintiffs and to have been injured through the negligence of appellant's employes in removing the fence inclosing said orchard and permitting stock to depredate thereon. The petition alleges that plaintiffs are the legal heirs of R. N. and J. E. Smith, deceased, and as such heirs are the owners of the premises upon which said orchard was situate. The trespass for which damages are sought to be recovered is alleged to have occurred in the fall of 1901, prior to the death of J. E. Smith, the mother of plaintiffs. Damages are claimed in the sum of $2500.

The defendant answered by general demurrer and general denial, and specially excepted to that portion of the petition by which plaintiffs sought to recover damages as heirs of J. E. Smith, on the ground that the injury to the land and orchard alleged in the petition occurred prior to the death of J. E. Smith and the right of action for such damages did not survive and descend to her heirs, but abated upon her death. This exception was sustained by the trial court. The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiffs for $300.

The appellees proved upon the trial that they were children and heirs of R. N. and J. E. Smith, deceased, who in their lifetime were the owners of the premises for injury to which damages were recovered in this suit, but the evidence does not show that appellees were the only heirs of said R. N. Smith. Upon this state of the evidence the appellant requested the trial court to instruct the jury to return a verdict for the defendant, and the first assignment of error is predicated upon the refusal of the court to give the requested instruction.

To entitle plaintiffs to recover damages for injury to the property it devolved upon them to show either that they were the sole owners of said property or that they owned a certain definite interest therein, and we think the evidence fails to meet this requirement. It is well settled that one tenant in common can not maintain an action to recover the entire damage done to the common estate. Where the petition shows upon its face that all of the cotenants are not joined in the suit, and such suit is for the recovery of the entire damage to the land, the question is properly raised by exception to the petition. If the petition is not subject to such exception the question may be raised by a plea in abatement or by an apportionment of the damages where the evidence shows what portion of the damage the plaintiffs are entitled to recover. May v. Slade, 24 Texas, 205; Rowland v. Murphy, 66 Texas, 534; Naugher v. Patterson, 9 Texas Civ. App., 168, 28 S. W. Rep., 582. In order to recover the entire damage to that portion of the injured property owned by R. N. Smith appellees must have shown they were the sole heirs of said Smith, and having failed to make this proof they were not entitled to recover said entire damage, and it did not devolve upon the defendant to plead or prove that appellees were not the sole heirs of said R. N. Smith. If the evidence had shown that the plaintiffs were not the sole heirs of said Smith and had further shown how many heirs the said Smith left, the plaintiffs would have been entitled to recover damages in proportion to the interest they inherited in the land, but having failed to show what interest they inherited in the land the evidence did not authorize a verdict in their favor for any amount. Gayheart v. Sibley, 66 S. W. Rep., 1041; Trueheart v. Savings and Loan Co., 64 S. W. Rep., 1003. The burden was upon the plaintiffs to show not only that they were entitled to recover a portion of the damages to property, but also to show the extent of their interest.

The second, third and fourth assignments predicate error upon the ruling of the trial court in not sustaining defendant's objection to the evidence of witnesses for plaintiff who testified as to the value of the premises before and after the injury to the orchard. The ground of objection to this testimony was that the witnesses were permitted to give their opinion as to the market value of the land, when their testimony showed that they were not acquainted with the market value of same or the market value of land of like character in the vicinity of the land in question.

The evidence shows that the land in question had a market value both before and after the alleged injury to the orchard, and such being the case the proper measure of damages was the difference between the market value of the land before and after the injury to the orchard. This value could only be shown by witnesses who could say that they knew what it was, and the trial court erred in permitting witnesses who stated that they did not know what lands in the neighborhood of plaintiffs' land with peach orchards thereon had been or could be sold for, to express an opinion as to what such lands were worth. Seattle & M. Ry. Co. v. Gilchrist, 30 Pac. Rep., 738; Sanford v. Shepard, 14 Kan., 228.

In view of the disposition which will be made of this appeal because of the views above indicated, the remaining assignments presented in appellant's brief, which attack the verdict on the ground that it is grossly excessive in amount, will not be discussed.

Appellees by cross-assignment assail the ruling of the trial court in sustaining appellant's exception to that portion of the petition which seeks to recover the damages to the one-half interest in the land owned by their mother, Mrs. J. E. Smith.

The question raised by this assignment has not so far as we have been able to ascertain been directly passed upon by our Supreme Court. At common law all actions founded upon tortious injury to the person or property for which damages could be recovered abated upon the death of either the injured party or the wrongdoer, but by equitable constructions placed by the court upon the statute 4 Edward III, an executor or administrator was given the right to maintain a suit for injury to the personal estate of the decedent whereby such estate had become less beneficial to the executor or administrator. By the statute 3 and 4 William IV the executor or administrator was authorized to sue within a year after the death of the decedent for injury to his real estate caused within six months before his death.

The common law rule as to injuries to the person and many other actions sounding in tort has been changed by our statute, but this statute does not in terms apply to actions for injury to land. In the case of Railway Co. v. Pfeuffer the rule is announced that actions of this character can only be maintained by the person who owned the land at the time the injury was inflicted. In the case cited the injury for which damages were sought was not of a permanent character, but only an injury to the possession caused by a temporary trespass upon the land, and the party who brought the suit purchased the land subsequent to the trespass and did not purchase the right of action for the injury caused by the trespass. In all cases of this character it is clear that the cause of action remained in the person who owned the land at the time of its injury.

The general rule is that actions which may be assigned will also survive. It can not be doubted that Mrs. Smith could have assigned her

right of action for injury to her land and the assignee could have maintained a suit thereon. Such being the case we see no reason why the cause of action for such injury should not survive to her heirs. We are of opinion that the injury being to the property of the decedent the cause of action therefor became an asset of her estate and passed to her heirs. Ferrill v. Mooney, 33 Texas, 219; Galveston H. & S. A. Ry. Co. v. Freeman, 57 Texas, 156.

The judgment of the court below is reversed and the cause remanded for a new trial in accordance with the views above expressed.

*Reversed and remanded.*

Writ of error refused.