Case 87.—ACTION BY F. M. COLES' ADM'X AGAINST THE IL-
LINOIS CENTRAL RY. CO. FOR DAMAGES FOR KILLING
A HORSE AND DEMOLISHING A BUGGY BELONGING
TO PLAINTIFF'S INTESTATE.—June 9.

## Coles' Adm'x v. Illinois Central Railway Co.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Af-
firmed.

Actions—Same   Transaction—Separate   Recoveries—Estoppel—
Distribution of Judgment—Different Parties.

1. Actions—Same  Transaction—Separate  Recoveries—Estoppel—
Where an action is brought and a recovery had by the per-
sonal representative for the killing of plaintiff's intestate,
a subsequent action can not be maintained for the killing of a
horse and destruction of a buggy which occurred at the
same time of the killing of plaintiff's intestate. The rule
is that the entire claim arising out of a civil transaction,
whether in the nature of a contract or tort, can not be di-
vided into separate and distinct claims and each form the
basis of an action.
2. Distribution of Judgment—Different Parties—The fact that
one item of damage should be distributed in a different way
from another does not prevent a recovery in one action.
Under proper instructions the jury could have said what
part was for the destruction of the horse and buggy, and
what part for the destruction of the life of the intestate,
as the action for both items of damage was in the personal
representative and the liability against the same defendant.

W. J. WEBB for appellant.

### POINTS AND AUTHORITIES.

1. Demurrer was properly sustained to the third paragraph,
as administratrix was appointed within one year after the cause
of the action occurred and suit was instituted within one year
after her appointment and qualification. (Ky. Stats., secs. 2516

and 2526; Carden's Adm'r v. L. & N. R. R. Co., 19 Ky. Law
Rep., 132; L. & N. R. R. Co. v. Brantly's Adm'r, 21 Ky. Law Rep.,
472.)

2. The recovery and satisfaction of a judgment for the killing
of the decedent was not a bar to the prosecution of the action for
the destruction of the horse and buggy, which was the result of
the same accident and collision. The two actions could not be
joined, therefore, one would not be a bar to the other. (Civil Code
of Prac., sec. 83; L. & N. R. R. Co. v. Kellem's Adm'r, 13 Ky.
Law Rep., 228.)

ROBBINS & THOMAS for appellee.

POINTS AND AUTHORITIES CITED.

1. The action is barred by limitation. (Sec. 2516, Ky. Stats.;
Kinnison v. Carpenter, 9 Bush, 599; 83 Ky., 468; 90 Ky., 147;
96 Ky., 613; 19 Ky. Law Rep., 132.)

2. This action is barred because of the recovery in a former
action for the death of decedent, caused by the same act which
damaged the horse and buggy herein sued for. (Civil Code of
Prac., sec. 83; A. & E. Enc., 1st Ed., 184c, 184b, 184f; vol. 1,
Enc. Pleading and Practice, 159; 16 N Y., 488; 10 Barb. [N. Y.],
656; 74 A. Dec., 250; 44 A. St. R., 725; 32 A. St. R., 494; 64 A.
St. R., 505; 58 A. R., 821; 24 Fed. Rep., 580; 66 Fed. Rep., 460;
96 U. S. R., 430; 98 U. S. R., 65; 13 B. Mon., 204; 20 Ky. Law
Rep., 1415 and 1678; 25 Ky. Law Rep., 405.)

OPINION BY JUDGE PAYNTER—Affirming.

This is an action by the administratrix of F. M.
Coles to recover damages for killing a horse and
demolishing a buggy which belonged to plaintiff's in-
testate. Among other defenses interposed was one
that the plaintiff's intestate was killed at the time the
horse was killed and the buggy demolished; that it
was the same negligence, if any, which resulted in
the death of the plaintiff's intestate and horse and
the destruction of the buggy. The defendant pleaded
that there was but one cause of action; that the plain-
tiff had recovered a judgment against the company
for the destruction of the life of her intestate, and
that the judgment had been paid. The question for

decision is, can this action be maintained in view of the facts stated?

Sec. 83, Civil Code Practice, provides: "Several causes of action may be united (a) if each affect all parties to the action, (b) may be brought in the same county, and may be prosecuted by the same kind of action; if all of them be brought * * * for injuries to person and property."

The record shows that it was the same tort which destroyed the life of the intestate and his property. Under sec. 6, Ky. Stats. 1903, the action for the negligent killing of the human being must be brought by the personal representative. The action for the killing of the horse should likewise have been brought by the personal representative. So the cause of action for both items of damage was in the same person, and the liability was against the same defendant. Therefore, under sec. 83, Civil Code Practice, the cause of action was in the personal representative of the intestate. The rule seems to be almost, if not quite, universal that the entire claim or items arising out of a civil transaction, whether in the nature of a contract or tort, can not be divided into separate and distinct claims, and each form the basis of an action."

In Covington & Cincinnati Elevated R. R. Co. v. Kleimerer, &c., 49 S. W., 484, 20 Ky. Law Rep., 1415, it is said the rule is elementary that a party can not split the cause of action, and sue upon a part at one time and the remainder at another.

It was said in Louisville Bridge Co. v. Louisville & Nashville R. R. Co., &c. 116 Ky., 258, 75 S. W., 285, 25 Ky. Law Rep., 405: "Numerous authorities are cited by counsel in support of the proposition that, where an entire cause of action is split, a judgment in one case will bar a second action for the rest of the

claim. The principle is sound, and has been applied very often by the courts.''

It is urged that this rule should not be applied, because the recovery for the destruction of the intestate's life would, under the statute, go to the widow and children, while the recovery for the horse and buggy would go to his estate, for the payment of debts and distribution. The statute provides that an action for the destruction of life shall be brought by the personal representative, and that the recovery shall go to the widow and children, except costs, attorney's fees, etc. The recovery is an asset of the estate, for distribution in a certain way. A recovery for the destruction of the horse and buggy would likewise be an asset of the estate, for distribution in a specified way. The mere fact that one item of damage should be distributed in a different way from another item of damage does not prevent a recovery in one action. Under proper instructions, the jury could have said what part of the recovery was for the destruction of the horse and buggy, and what part was for the destruction of the life of the intestate. In our opinion a recovery for the destruction of the life of the intestate estops the plaintiff from bringing this action for the item of damage for the loss of the horse and buggy.

The judgment is affirmed.