W. A. SMITH ET UX. v. DR. W. P. FARRINGTON.

No. 5024. Decided May 23, 1928.
(6 S. W., 2d Series, 736.)

*Taylor, Muse & Taylor,* for appellants.

Where an item of actual damage in death case by negligence is excepted to as being remote and speculative where petition shows on its face that the sum is certain, definite and subject to ascertainment, that the same was brought about as a flowing consequence or proximate result of the act complained of, then an item for a tombstone shown by the petition to have been purchased within a reasonable time after death of a party is recoverable as any other item of damage, it appearing same is reasonable, and the court erred in sustaining such exception. Rev. Stats., 1925, Arts. 4672, 4673; Moss v. Rishworth, 222 S. W., 225; Rishworth v. Moss, 191 S. W., 843.

*D. J. Brookerson* and *Cooper & Lumpkin,* for appellee.

If the rules which establish the measure of damage are correct, as has been heretofore enunciated by our Supreme Court and Courts of Civil Appeals, appellants were not entitled to recover for the value of a tombstone erected over the grave of their deceased child, nor

for the money expended in making a floral offering at the burial of said child. Texas & P. Ry. Co. v. Hall, 19 S. W., 121; Cole v. Parker, 66 S. W., 135; G. H. & V. Ry. Co. v. Olds, 112 S. W., 787; C. R. I. & G. Ry. Co. v. Loftus, 168 S. W., 402; Gulf, C. & S. F. Ry. Co. v. Prazak, 181 S. W., 711; Patterson v. Williams, 225 S. W., 89; S. L. B. & M. Ry. Co. v. Watkins, 245 S. W., 794; G. C. & S. F. Ry. Co. v. Conklin, 13 S. W., 667; Freeman v. Carter, 67 S. W., 527; G. H. & S. A. Ry. Co. v. Pigott, 116 S. W., 841; Lang Nursery Company v. Webb, 253 S. W., 929; Consolidated Traction Co. v. Hone, 38 Atl., 759; Hutchinson v. W. J. & S. R. Ry. Co., 170 Fed., 615; Trow v. Thomas, 41 Atl., 652; Sweeney v. Muldoon, 31 N. E., 720.

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

The following certificate and certified question is from the Honorable Court of Civil Appeals of the Seventh Supreme Judicial District:

"The Appellants Smith and wife instituted this suit against the Appellee, Dr. Farrington, to recover damages alleged to have resulted by reason of the carelessness and negligence of Dr. Farrington in removing the tonsils of their daughter, Miss Ruby Smith, in such way that it resulted in the death of their daughter a few hours after the operation.

"So much of the plaintiffs' petition as is necessary for the consideration of the question hereinafter certified may be stated briefly as follows:

"It is alleged that prior to August 3, 1925, the appellee was and had been for several years a physician and surgeon, practicing at Munday in Knox County; that he held himself out to the public as qualified to diagnose diseases and to treat and remove diseased tonsils, which he did in his practice for hire; that appellants' daughter, Ruby, prior to said date, had suffered constantly with sore throat and appellants desiring to have her throat examined and, if necessary, operated upon and treated by appellee, took her to appellee's office in Munday on said date; that appellee examined Ruby's throat and diagnosed her trouble as tonsillitis. He advised appellants that her tonsils were so badly infected that in order to effect a cure it would be necessary for him to remove said tonsils. They employed appellee to perform the operation and on said day

appellee removed both tonsils, but the operation was so carelessly and negligently performed, in that he used a surgical instrument in scraping her throat, that she bled profusely, and thereafter, by reason of appellee's negligent failure to properly attend their said daughter, profuse hemorrhage resulted and their daughter died the following morning about six o'clock.

"It is further alleged that prior to the operation their daughter's general health was good and, with the exception of her tonsils, she was strong and vigorous physically; that she was of a cheerful, happy disposition, industrious in the performance of her household duties and was a great comfort, consolation and help to appellants; that at the time of her death she lacked nine months and eight days of having attained her majority; that her services for that period would have been worth to appellants $25.00 per month over and above all costs and expenses of maintaining and supporting her during the time. They allege the value of such services to be, in the aggregate, $230.00. They further allege that by reason of the death of their daughter appellants were compelled to expend and did expend the sum of $125.00 for a coffin, $25.00 for a shroud, $50.00 for having her body embalmed, $25.00 for other incidental expenses, aggregating $225.00 as the total expenses incident to the funeral and burial of their daughter; that they were further actually damaged in that they necessarily expended $180.00 for the erection of a tombstone over her grave and spent $25.00 additional for flowers, making a total of $660.00 actual damages. They also sued for $15,000.00 as exemplary damages on account of appellee's gross negligence, unskillfulness and carelessness in operating upon and subsequent treatment and neglect of their daughter.

"The Trial Court sustained a general demurrer to the item of $15,000.00 exemplary damages, and also sustained what defendant's pleading terms a special exception, but which is, in effect, a general demurrer to the item of $180.00 as the cost of the tombstone. The judgment shows that the Court, after deducting these amounts, found that the damages sought to be recovered were less than $500.00 and by reason thereof held that the District Court had no jurisdiction and dismissed the case. From this action of the Court, this appeal is prosecuted.

"In the recent case of Richardson, et al. v. McCloskey et al., 276 S. W., 680, Judge Speer has held that the term 'funeral expenses' includes the cost of a tombstone when the price paid is in keeping with the estate of the deceased, and that an expenditure for such

purpose may be allowed and charged by an administrator against the estate.

"Appellants have brought their action in this case under Revised Statutes, Title 77, comonly known as the Death Statute.

"In view of some of the holdings by the Courts of this State to the effect that loss of benefits, together with funeral expenses, cost of medicine, etc., fixes the measure of recovery in actions brought under said statute, the members of this Court are not able to agree that in a case of this character the cost of a tombstone is a proper element of damages.

"We, therefore, certify to your Honors the following question:

"Did the Trial Court err in sustaining the demurrer to the item of $180.00 claimed by appellants as damages?"

The appellants' cause of action is necessarily based upon the statutes embraced in Title 77, being Articles 4671–4678, no such cause of action being given them under the common law growing out of circumstances alleged in the petition. Among other things it is provided that an action for actual damages on account of injuries causing the death of any person may be brought when the injury is caused by the wrongful act, negligence, carelessness, unskillfulness or default of another person. It clearly appears that the appellants stated a cause of action against the appellee as measured by the statute. Article 4672 provides that:

"The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party to maintain an action for such injury."

The certificate shows that had the minor daughter of the appellants survived she, through her parents, would have been entitled to maintain an action for injuries inflicted upon her as alleged in the petition. The appellee undoubtedly owed a duty to the daughter after having undertaken to treat her to do so carefully and skillfully, as well as to give her such needed attention from time to time as her condition demanded measured by the ability of a physician of ordinary skill to determine the care necessary to be given under such circumstances. Evidently the minor daughter upon whom the injuries are alleged to have been inflicted, had not death ensued, could have maintained an action for these injuries. She having died as the result of the injuries, assuming the allegations to be true, her parents being charged by law with the duty of caring and providing for her as well as being entitled to her services during her minority,

are entitled to recover for such injuries so inflicted the actual damages resulting therefrom, the measure of which is the pecuniary loss sustained by them. Cole v. Parker, 27 Texas Civ. App., 563, 66 S. W., 135; Sullivan-Sanford Lumber Co. v. Watson, 106 Texas, 4, 155 S. W., 179; Gulf C. & S. F. Ry. Co. v. McGown, 65 Texas, 640; Moss v. Rishworth, 222 S. W., 225; Texas & N. O. Ry. Co. v. Berry, 67 Texas, 238, 5 S. W., 817.

By virtue of the statutes mentioned, the damages alleged, about the sufficiency of which there seems to be no question made by the appellee, include loss of services during minority, the expense of a coffin and of a shroud and for embalming the body and for other expenses not itemized incidental to the funeral of the deceased. In addition to these items specially plead there is an item of $25.00 alleged to have been spent for flowers used at the funeral about which no question apparently has been made since the question certified refers only to the item of $180.00 claimed as damages for a tombstone erected over the grave of the deceased. If this item of $180.00 alleged to have been expended for a tombstone is a proper one, and if the amount charged therefor is reasonable under all the circumstances of the case, both of which are facts to be determined by a jury under proper instructions, then under the authority of Richardson v. McCloskey, 276 S. W., 680, and the numerous authorities cited in that case, this item of $180.00 for a tombstone might be considered by a jury to be a proper one and to be chargeable as actual damages. Under the definition of the term "funeral expenses" as stated in Richardson v. McCloskey, supra, "expenditures for monuments and tombstones are generally held authorized as part of the funeral expenses where the cost of such expenditures is not disproportionate to the value of the deceased's estate." The weight of authority is to the effect that recovery can be had both for medical and funeral expenses which have been paid by the beneficiaries of a deceased person whose death has been wrongfully occasioned by another, or for which they are liable, provided the items are shown to be reasonable under the cricumstances of the particular case, and provided further that the amounts charged therefor are proven to have been reasonable. Some of these authorities are collated in 17 C. J., 1339, note 27, among which are Galveston v. Barbour, 62 Texas, 172; Missouri, K. & T. Ry. Co. v. Evans, 16 Texas Civ. App., 68, 41 S. W., 80; Gulf, C. & S. F. Ry. Co. v. Southwick, 30 S. W., 592, the first being a decision by the Supreme Court and the other two decisions by Courts of Civil Appeals of this State.

Measured by a general demurrer the allegation with reference to the item of $180.00 having been expended for a tombstone is sufficient, and we therefore are of the opinion that the trial court erred in sustaining the demurrer to this item.

We recommend that an affirmative answer be given to the question.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.