GILBERT N. HARPER ET AL V. N. L. JOHNSON ET AL

No. A-7739. Decided April 12, 1961
(345 S. W. 2d Series 277)

*Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin,*

*Jr.,* and *R. L. Stanfield,* all of Dallas, and *W. B. Brown,* of Quitman, for petitioners.

*Kenley, Sharp, Ritter & Boyland,* of Longview, and *W. H. Frank Barnes,* of Terrell, for respondents.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

This is a damage suit growing out of an automobile and truck collision in which the driver of the truck, Gilbert N. Harper, was injured and the driver of the automobile, Norman Lee Johnson, was killed. The suit was initiated by Harper, Allied Van Lines, Inc., and Dallas Transfer & Terminal Warehouse Company in a joint action against N. L. Johnson, individually and as heir of the estate of Norman Lee Johnson, deceased, and W. E. Lindley as administrator of the estate of Norman Lee Johnson, deceased. Harper sued for personal injuries and damages to the truck, which he owned; Allied Van Lines, Inc., sued for damages to the goods being transported, and Dallas Transfer & Terminal Warehouse sought recovery for damages to its trailer and equipment, which was attached to Harper's truck.

N. L. and Minerva Johnson, as the surviving parents of the deceased, filed a counterclaim for funeral expenses and a grave marker, and, as beneficiaries under the Death Statute (Art. 4671, V.A.C.S.) sought damages for the loss of contributions which they would reasonably have expected to receive from the deceased had he survived. The administrator, W. E. Lindley, also filed a counterclaim against the three plaintiffs seeking damages for the destruction of the deceased's automobile. Both such counterclaims alleged that Harper was the agent of the other two plaintiffs.

The facts of the case, which are set forth in more detail in the Court of Civil Appeals opinion reported in 331 S.W. 2d at page 482, show that Harper, as driver of the truck-tractor and trailer, was traveling in a westerly direction on U. S. Highway 80 at the time of the collision. The deceased, Norman Lee Johnson, was driving a 1957 Ford automobile and traveling in an easterly direction on U. S. Highway 80. These two vehicles collided at a point on said highway approximately six miles west of the town of Mineola. As the vehicles were traveling in opposite directions at the time of the impact, the principal issue

in the suit was the question of which vehicle was on the wrong side of the highway.

The case was tried to a jury submitted on special issues. In answers thereto, the jury found that Harper was guilty of negligence which proximately caused the accident and the jury returned other issues which absolved the deceased, Norman Lee Johnson, of any negligence causing or contributing to the accident. Based on this verdict, the court entered judgment for N. L. and Minerva Johnson and W. E. Lindley on their above-described counterclaims against the cross-defendants, Harper, Allied Van Lines, Inc., and Dallas Transfer & Terminal Warehouse Company, in the total amount of $22,507.45. Of this total sum, $1,750.00 was for the agreed amount of damages to the deceased's automobile. The sum of $1,047.45 was awarded for funeral expenses and the sum of $460.00 was awarded for a grave marker. The amounts of $15,000.00 and $6,000.00 were awarded to Minerva and N. L. Johnson, respectively, for the loss of the reasonably probable pecuniary contributions which their deceased son would have made to them had he lived.

On appeal from the above judgment the plaintiffs-cross-defendants alleged that the trial court erred by not permitting plaintiff Harper to testify to *any* of the facts concerning how the collision occurred. It was appellant's contention that Harper's testimony should have been admitted, at least, for certain limited purposes (i.e., those actions which arose under the Death Statute, Art. 4671, V.A.C.S.). The appellees took the view that Harper's testimony was incapable of limitation as a practical matter, and that the trial court did not err in granting their motion to suppress such evidence in its entirety.

On motion for rehearing in the Court of Civil Appeals the above-recited contentions were disposed of with the following language:

"Plaintiff-cross-defendant Gilbert M. Harper was inhibited by Article 3716, V.A.C.S., from testifying as to the facts of the collision in question in his suit against N. L. Johnson and Minerva Johnson as heirs of Norman Lee Johnson, deceased, and in his suit against Lindley, the administrator of the estate of Norman Lee Johnson, deceased. He was also inhibited by Article 3716, V.A.C.S., from testifying as to the facts of the collision in question in defense to the cross-action brought against him by the parents as heirs of

Norman Lee Johnson, deceased, for funeral expenses of the deceased paid by the parents and for the grave marker contracted to be paid for by the parents. Harper was also inhibited by Article 3716, V.A.C.S., from so testifying in defense to the cross-action brought against him by Lindley, the administrator of the estate of Norman Lee Johnson, deceased, for damages to the automobile of the deceased. See Andreades v. McMillan, T.C.A., 256 S.W. 2d 477, wr. dis., and Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185.

"The evidence in question of Harper was not inhibited by Article 3716, V.A.C.S., in his defense to the parents' cross-action under the wrongful death statute (Article 4671, V.A.C.S.) for damages arising from the reasonably probable expectations of pecuniary contributions which their deceased son would have made to the parents. Armstrong v. Marshall, T.C.A., 146 S.W. 2d 250, wr. dism., judgm. cor.; Norman v. Valley Gin Co., T.C.A., 99 S.W. 2d 1065, wr. ref.

"The evidence in question of Harper was not inhibited by Article 3716, V.A.C.S., in the causes of action of Allied Van Lines and of Dallas Terminal & Warehouse Company, against the administrator of the estate of Norman Lee Johnson, deceased, nor was such evidence inhibited by Article 3716, V.A.C.S., in defense to the parents' and administrator's cross-actions against Allied Van Lines and Dallas Transfer & Terminal Warehouse Company."

On the basis of this analysis and a thorough review of applicable case law the Court of Civil Appeals held that the trial court committed error in not admitting the testimony in question of Harper for limited purposes, and that such action constituted reversible error which required that the judgment of the trial court be affirmed in part and reversed and remanded in part. The judgment of the court below read:

"The judgment of the trial court in favor of the administrator Lindley against the plaintiff-cross-defendant Harper for the sum of $1,750.00, the agreed amount of damages to the car of Norman Lee Johnson, deceased, is affirmed.

"The judgment of the trial court that Harper take nothing in his suit as plaintiff against the administrator and

against the parents individually and as legal heirs of Norman Lee Johnson, deceased, is affirmed.

"The judgment of the trial court in favor of the parents Johnson, as legal heirs of Norman Lee Johnson, deceased, and against the plaintiff-cross-defendant Harper, in the amount of $1,507.45 for funeral expenses (including grave marker) of their deceased son, is affirmed.

"The judgment of the trial court in favor of the parents Johnson against the plaintiff-cross-defendant Harper, in the amount of $21,000.00 ($15,000.00 for Mrs. Johnson a n d $6,000.00 for Mr. Johnson) on their cause of action under the wrongful death statute (Article 4671) for damages for pecuniary losses by reason of the reasonably probable expectation of pecuniary contributions which their deceased son would have made to them, is reversed and such cause of action is remanded for a new trial.

"The judgment of the trial court in favor of the parents Johnson and in favor of the administrator, and against the plaintiffs-cross-defendants Allied Van L i n e s and Dallas Transfer & Terminal Warehouse Company, is reversed and the causes of action and cross-actions therein involved are remanded for a new trial."

Both the appellants and appellees in the court below have submitted applications for writ of error to this court, the applications have been granted and oral argument heard thereon. In an examination of the record we find that all points of error brought forward were properly preserved below and perfected on appeal. However, in view of our decision in this case it is only necessary that we concern ourselves with Point of Error No. 1 in the application wherein Gilbert N. Harper et al., are petitioners. This first point of error is as follows:

"The Court of Civil Appeals erred in affirming part of the judgment below in that the testimony of Gilbert N. Harper excluded and withdrawn by the trial court was not within the Dead Man's Statute at all, as to any parties or causes of action, since an automobile collision between strangers is not a transaction within the meaning of that statute."

Whether an automobile collision is a "transaction" within the meaning of the Dead Man's Statute is a question of first impres-

sion for this court, and on only one previous occasion has this question been considered by an appellate court of this state. On such occasion, the trial court's ruling which excluded the testimony of the survivors of a collision was affirmed, (Andreades v. McMillan, Texas Civ. App., 256 S.W. 2d 477, but application for writ of error in that case was dismissed for want of jurisdiction. A careful examination of the opinions expressed on this subject by the courts of other jurisdictions reveals a division of authority into three conflicting views:

1. The view that the survivor cannot testify either as to his own actions or those of the decedent.

2. The view that the survivor can testify to his own actions in position and movements of his own car but not as to those of the decedent.

3. The view that the survivor can testify both as to his own actions and those of the decedent.

■ We are of the opinion that the third view, with certain limitations, is more in accord with the meaning of the provisions of Article 3716, V.A.C.S., and the well-established rule that the language, thereof shall be stricty construed. As stated in Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W. 2d 291:

"* * * This article being an exception and restriction upon the general right of all interested parties to testify as conferred by article 3714, it has been the policy of the Supreme Court to strictly construe the language of article 3716 and thus not to extend it by construction to parties not designated by its language. Roberts v. Yarboro & Wimberly, 41 Tex. 449; Martin v. McAdams, 87 Tex. 225, 27 S.W. 225."

■ In the present case we have, as a factual situation, two strangers independently approaching each other in motor vehicles from opposite directions. The record reflects no "business deal," "acts involving buying  and selling," or "transactions on the exchange" between the parties to the collision that would conform to the definition of "transaction' ' to be found in Webster's New International Dictionary, Second Edition. As respondents have argued, these two parties to the collision had certain rights and duties with respect to each other and their use of the highway, but we are unable to agree that their impersonal, fortuitous and involuntary relationship which culminated in the

death of Norman Lee Johnson can be construed as a "transaction" between the parties within the meaning of Article 3716, V.A.C.S. The word "transaction" involves a mutuality or concert of action. Shaneybrook v. Blizzard, 209 Md. 304, 121 Atl. 2d 218 (1956). To hold that the term "transaction" includes such an event as an automobile collision is to disregard the customary, common and ordinary meaning of the word, and we believe that such a holding would be a judicial extension of this exclusionary rule far beyond what the Legislature intended. McCormick and Ray, Texas Law of Evidence, Vol. 1, "Interest as a Disqualification," Sec. 329.

Efforts to reconcile the language used by appellate courts of this state in their construction of Article 3716, V.A.C.S., have not met with complete satisfaction. It is apparent that no one rule will serve as a guide for the myriad number of factual situations wherein this statute may be invoked. With this situation in mind, we will give the greatest import to the fact that the Dead Man's Statute has the effect of limiting the evidence in a judicial hearing to something less than all the avialable evidence. Justice will not ordinarily prevail where only a part of the available evidence affords the only support for the judgment rendered.

The broad language used in the often-cited case of Holland v. Nimitz, 232 S.W. 298, (Tex. Comm. App. opinion adopted, 1921), 111 Tex. 419, 239 S.W. 185 (1922) to construe the words "transaction with" has been the source of much controversy and litigation.[1] On the previous occasion when the question here involved was considered (Andreades v. McMillan, supra) the El Paso Court of Civil Appeals, in a well-reasoned and researched opinion expressed grave doubt that the construction of "transaction with" should be judicially extended to include the facts of an automobile collision between two strangers. However, that court considered that it was bound by the language in the Nimitz case, and held that all testimony of a survivor of an automobile collision was inadmissible and should be excluded.

■ Upon a re-examination of the purpose of Article 3716, V.A.C.S., in the light of all past decisions, and with regard to probable legislative intent, we are unable to say that the statute was ever intended to include the circumstances surrounding an

---

1. Cheek, Testimony as to Transactions with Decedents, 5 Tex. Law Rev. 149, 162 (1926); A. R. Stout, Should the Dead Man's Statute apply to Automobile Collisions. 38 Tex. Law. Rev. 14.

involuntary and fortuitous collision between two motor vehicles driven by two complete strangers. The rule of strict construction will not permit such an extension of the Dead Man's Statute by this court. As we construe the statute, it does not bar the testimony of the survivor of an automobile collision as to his observations and description of the physical situation and the movements of the vehicles prior to and at the time of the accident.

The judgments of the trial court and of the Court of Civil Appeals are reversed and the cause is remanded for trial in accordance with the holdings and views of this opinion.

ASSOCIATE JUSTICE STEAKLEY not sitting.