John W. LANDERS, Administrator, et al.,
Appellants,

v.

B. F. GOODRICH COMPANY, Inc., et al.,
Appellees.

No. 7185.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 29, 1962.

Rehearing Denied Nov. 26, 1962.

Kolander, Moser & Templeton, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellees.

DENTON, Chief Justice.

John W. Landers and Lee Harris Stephens, administrators respectively of the Estates of Guinn E. Landers, deceased, and Ferne Larrhue Landers, deceased, filed this suit to recover for damages to an automobile, medical and funeral expenses and the cost of grave markers from appellees, B. F. Goodrich Company, Inc., and Robert Boyett Bohanan. These alleged damages resulted from an automobile collision on November 20, 1959, which caused the deaths of Guinn and Ferne Landers. Upon a motion by appellees, the trial court granted a summary judgment on the ground a former suit between the same parties was a bar to a recovery in the present suit. The administrator of the Estate of Guinn E. Landers duly perfected this appeal but no appeal was perfected by the administrator of Ferne Landers.

The three prior suits, which were consolidated, were actions for damages under the wrongful death statute, to-wit: Articles 4671 et seq., Vernon's Ann.Tex.St. These causes of actions grew out of the same collision referred to above. These suits were instituted by the deceased's minor son, by and through appellants, John W. Landers and Lee Harris Stephens, as next friends and as parents of Guinn and Ferne

Landers. After this case had been tried before a jury, a substantial settlement was reached. The settlement was duly approved by the trial court and was reduced to judgment. Subsequently, the two administrators named above were duly appointed and they filed the present suit shortly thereafter. It is undisputed that recovery in the original case was limited to damages for the wrongful deaths of Guinn and Ferne Landers and for personal injuries received by their minor son, Roger Dale Landers.

Appellants concede, and we think correctly so, that the items of damages being sought in this case could have been properly included in the wrongful death action. But appellants take the position the present suit does not constitute a splitting of a cause of action. This contention is based on two grounds: (1) There are two separate and distinct causes of actions, to-wit: a statutory cause of action for wrongful death, and a common law action brought by the administrator to recover expenses; (2) The plaintiffs here are different plaintiffs from those in the original suit in that they were acting in different capacities. The record shows that all of the heirs of appellants' decedents, including the appellant who sues here as an administrator, were parties to the prior consolidated cases. Despite the technical differences between the statutory cause of action of wrongful death and the common law action for property damages and other expenses accruing from the common negligent acts complained of, we are not prepared to hold this distinction removes this case from the majority rule that where a single wrongful act simultaneously causes harm to the property and person of an individual, only one cause of action arises. This majority rule has been followed in this state. Cormier v. Highway Trucking Company (Tex.Civ.App.), 312 S.W.2d 406, (NWH); Garrett v. Mathews (Tex.Civ.App.), 343 S.W.2d 289, (NWH); and 62 A.L.R.2d, page 982.

In our opinion, the reasoning and conclusions reached in the Cormier and Garrett cases are controlling in the instant case. We, therefore, conclude the trial court properly sustained the plea of bar and granted a summary judgment that plaintiffs below take nothing as against the defendants. The judgment of the trial court is affirmed.