John W. LANDERS et al., Petitioners,

v.

B. F. GOODRICH COMPANY et al.,
Respondents.

No. A–9385.

Supreme Court of Texas.

May 15, 1963.

Rehearing Denied July 10, 1963.

Kolander, Moser & Templeton, Amarillo,
for petitioners.

**34**

Gibson, Ochsner, Harlan, Kinney & Morris, Underwood, Wilson, Sutton, Heare & Berry, Harlow Sprouse, Amarillo, with above firm, for respondents.

WALKER, Justice.

The question to be decided in this case is whether a final judgment in a wrongful death action always bars a subsequent suit by the personal representative of the decedent against the same defendant for the recovery of funeral expenses and property damage resulting from the accident which caused the decedent's death. Guinn E. Landers and his wife, Ferne Landers, lost their lives when the automobile in which they were riding collided with a vehicle operated by Robert B. Bohanon, who was the employee of and acting in the scope of his employment for B. F. Goodrich Company at the time. The decedents, each of whom died intestate, were survived by their minor children, Roger Dale Landers and Rickie Lee Landers, and by their parents, John W. Landers, Maggie Landers, L. H. Stephens, and Fannie Stephens.

Suits were brought against B. F. Goodrich Company and Bohanon, hereinafter referred to as respondents, by John W. Landers and L. H. Stephens, acting individually and on behalf of their wives and as next friends for the minor children, to recover damages under the wrongful death statutes, Articles 4671 et seq., Vernon's Ann.Tex.Civ.Stat., and for personal injuries sustained by Roger Dale Landers in the accident. The several causes were consolidated, and after a jury trial the parties agreed upon a $90,000.00 settlement which was duly approved by the court and reduced to judgment wherein the recovery was apportioned between the minor children and their grandparents. The judgment was promptly paid and satisfied by respondents.

Several months later John W. Landers was appointed and qualified as administrator of the estate of Guinn E. Landers, deceased, and L. H. Stephens was appointed and qualified as administrator of the estate of Ferne Landers, deceased. The two administrators then filed the present suit against respondents to recover medical and funeral expenses and damage to the automobile. Respondents' motion for summary judgment was granted by the trial court, and the Court of Civil Appeals affirmed. Tex.Civ.App., 361 S.W.2d 909.

Guinn E. Landers was killed instantly. The medical expenses mentioned in the petition were incurred for the treatment of Ferne Landers prior to her death. These expenses are no longer in issue, because the administrator of her estate did not appeal from the judgment of the trial court. The administrator of the estate of Guinn E. Landers did appeal and is petitioner here. We must determine whether the judgment in the former suit bars his action for funeral expenses and damage to the automobile.

■ Our survival statute, Art. 5525, Vernon's Ann.Tex.Civ.Stat., speaks of actions for personal injuries, and it has been said that the Texas decisions holding that an action for damage to real or personal property survives the death of the owner are based upon an erroneous historical assumption. Morton, Survival of Actions for Property Damage in Texas, 37 Tex.Law Rev. 905, 908. The rule that such actions do survive has long been recognized, however, by both the courts and the Legislature, and we will not depart from it now. See Acts 1895, 24th Leg., p. 143, ch. 89; G.L. Vol. 10, p. 873; Ferrill's Adm'x v. Mooney's Ex'rs, 33 Tex. 219; Galveston, H. & S. A. R. R. v. Freeman, 57 Tex. 156; Texas & N. O. R. Co. v. Smith, 35 Tex.Civ.App. 351, 80 S.W. 247 (no writ); Jenney v. Jackson, Tex.Civ.App., 46 S.W.2d 418 (no writ); Harper v. Johnson, Tex.Civ.App., 331 S.W. 2d 482 (reversed on other grounds, 162 Tex. 117, 345 S.W.2d 277); 1 Tex.Jur.2d Abatement and Revival, § 109, p. 116.

■ Where injuries caused by the negligence of another result in death, the

recovery in an action for wrongful death prosecuted under the provisions of Articles 4671 et seq. may include reasonable funeral expenses paid by the statutory beneficiaries. Smith v. Farrington, 117 Tex. 459, 6 S.W.2d 736; Fort Worth & Denver City Ry. Co. v. Rogers, Tex.Civ.App., 62 S.W.2d 151 (wr. ref.). This is the majority American rule. See Annotation, 94 A.L.R. 438. At least one of our Courts of Civil Appeals has said that such expenses may be recovered either by the statutory beneficiaries who paid the same or by the estate of the decedent. See Bohn Bros. v. Turner, Tex.Civ.App., 182 S.W.2d 419 (wr. ref. w. m.); Armstrong v. Marshall, Tex.Civ.App., 146 S.W.2d 250 (wr. dis. judg. cor.). The courts of other jurisdictions are divided on the latter question. See 15 Am.Jur. Damages, § 100, p. 511. Although the recovery under Article 5525 is ordinarily limited to damages sustained by the decedent prior to his death, the reasonable cost of a suitable funeral constitutes a charge against the estate and is part of the expense which must be incurred as a result of the injuries. It is our opinion that the same may be recovered in an action brought by the heirs or legal representatives under the provisions of Article 5525 provided the defendant will not be subjected thereby to a double recovery. If the present action is not barred by the judgment in the former suit, petitioner is entitled to prosecute his claim for the funeral expenses and damage to the automobile.

Respondents say that maintenance of this suit constitutes the splitting of a cause of action and contravenes the policy which shields the defendant from a multiplicity of suits. They rely primarily on Cormier v. Highway Trucking Co., Tex.Civ.App., 312 S.W.2d 406 (no writ), and Garrett v. Matthews, Tex.Civ.App., 343 S.W.2d 289 (no writ). It was there held that a single wrongful or negligent act or omission causing injury to both the person and the property of the same individual constitutes but one cause of action which cannot be split, and that a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage. These decisions have no application here

■■ Two separate and distinct causes of action may arise where injuries wrongfully inflicted result in death. One is the common law action for damages sustained by the decedent and his estate as a result of the injuries. This is the cause of action which survives to the heirs or legal representatives under the provisions of Art. 5525. The other right of action is conferred by Articles 4671 et seq. upon the surviving husband, wife, child and parents of the decedent. Since these statutory beneficiaries are not always entitled to assert both causes of action, it seems clear to us that the judgment in a wrongful death action does not necessarily bar a subsequent suit on behalf of the estate to recover for medical and funeral expenses, property damage, physical pain and suffering, and other damage sustained by the decedent prior to his death. See Mahoning Valley R. Co. v. Van Alstine, 77 Ohio St. 395, 83 N.E. 601, 14 L.R.A.,N.S., 893; St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A.1915E, 1141; Hamel v. Southern R. Co., 108 Miss. 172, 66 So. 809; Brown v. Chicago & Northwestern R. Co., 102 Wis. 137, 78 N.W. 771, 44 L.R.A. 579.

■ As pointed out by the Court of Civil Appeals, it is undisputed that the recovery in the prior action was limited to damages for the wrongful deaths of Guinn E. Landers and Ferne Landers and for the personal injuries received by Roger Dale Landers. Petitioner has since been appointed administrator of the estate of Guinn E. Landers, and it must be assumed that there was a necessity for administration and that the heirs were not entitled to assert a claim for damage to the automobile in the former suit. See Lee v. Turner, 71 Tex. 264, 9 S.W. 149; 19 Tex.Jur.2d Decedents' Estates, § 958, p. 11. Unless the plaintiffs in that proceeding had paid or become legally responsible for the funeral expenses, and it does not appear that they had, such ex-

penses could not have been recovered in the earlier action. So far as can be determined from the present record, the claims which are made the basis of this suit can be prosecuted only by the administrator, and petitioner was appointed to the position after the judgment in the other case was entered. In these circumstances the former judgment clearly is not res judicata of the cause of action now asserted, and the trial court erred in granting respondents' motion for summary judgment.

It is unnecessary for us to go as far here as the courts did in some of the cases cited above. Our problem would be somewhat different if the earlier action had been prosecuted by the administrator on behalf of the statutory beneficiaries, or if there had been no necessity for administration. See Coles' Adm'x v. Illinois Cent. R. Co., 120 Ky. 686, 87 S.W. 1082. When the question arises we will determine whether the two causes of action may be asserted by the same person in different suits.

The judgment of the Court of Civil Appeals is modified so as to provide: (1) that the judgment of the trial court, in so far as it decreed that petitioner take nothing, is reversed and that part of the case is remanded to the district court; and (2) that the judgment of the trial court is otherwise affirmed. As so modified, the judgment of the Court of Civil Appeals is affirmed.

SMITH, J., concurs in the result.

GRIFFIN and CULVER, JJ., dissent.

GRIFFIN, Justice (dissenting).

I agree with the opinion of the Court of Civil Appeals herein.

I do not approve of the splitting of the causes of action growing out of the same transaction. I believe the opinion of the Court will lead to a multiplicity of suits, and cause confusion.