No. 04-00-00077-CV


Bruno GARCIA,

Appellant 


v.


Beatrice Garcia ELIZONDO, Individually

and as Executrix of the Estate of Alexandria Garcia, Deceased,

Appellee


From the 166th Judicial District Court, Bexar County, Texas

Trial Court No. 97-CI-16867

Honorable David Peeples, Judge Presiding


Opinion by: Tom Rickhoff, Justice

 

Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 7, 2001


AFFIRMED



 This is an appeal following the trial court's denial of a motion to strike pleadings and allocate
a wrongful death settlement to the decedent's estate. The trial court did not abuse its discretion in
denying the motion, and we affirm.

BACKGROUND

 In July 1996, the decedent, six-year-old Alexandria Garcia, died from injuries she suffered
as a result of being hit by a truck while she was attempting to cross a street. In November 1997,
Alexandria's mother, Beatrice Elizondo, filed suit individually and as executrix of Alexandria's
estate. Beatrice sought damages for loss of companionship, mental anguish and emotional distress;
loss of the care, maintenance, and support she would have received from Alexandria had Alexandria
lived; and exemplary damages. On behalf of Alexandria's estate, Beatrice sought damages only for
the conscious physical pain and mental anguish Alexandria suffered before her death.

 In April 1998, Alexandria's father, Bruno Garcia, intervened, seeking damages for loss of
companionship, mental anguish and emotional distress; loss of the care, maintenance, and support
he would have received from Alexandria had Alexandria lived; and exemplary damages. Bruno also
alleged he was entitled to be compensated for the conscious physical pain and mental anguish
Alexandria suffered before her death.

 No funeral expenses on behalf of the estate were sought, because Beatrice paid those
expenses. No medical expenses on behalf of the estate were sought, because Beatrice's health care
insurer paid those expenses. As to the only damages sought on behalf of the estate, the parties were
unable to present any evidence that Alexandria suffered conscious physical pain or mental anguish
before her death.

 On December 2, 1999, Beatrice and Bruno each settled their claims against the defendants.
Beatrice settled her claims individually and as "a person with an interest in the Estate of Alexandria
Garcia." On December 28, 1999, Beatrice filed an amended petition, stating her capacity as
"individually and as a person with an interest in the Estate of Alexandria Garcia, Deceased." On
January 4, 2000, Bruno filed a motion to Strike Pleadings, Enforce Settlement Agreement, and Order
Division of Settlement Proceeds, contending a portion of Beatrice's settlement should be allocated
to Alexandria's estate. On January 5, 2000, Beatrice again amended her petition, stating her capacity
only as "a person with an interest in the Estate of Alexandria Garcia, Deceased." The trial court
denied Bruno's motion, and a final judgment was signed on January 10, 2000.

DISCUSSION

 On appeal, Bruno asserts the trial court erred in denying his motion. He complains that, up
until the settlement, Beatrice stated she was representing the interests of Alexandria's estate. Bruno
alleges that, at settlement, Beatrice concealed the fact that all proceeds she intended to recover were
being acquired solely for herself and that she intended to waive and abandon all claims on behalf of
the estate. Bruno contends that when Beatrice filed her December 28 petition, she attempted to
disavow her representative capacity and, therefore, the interests of the estate were never settled.
Bruno does not indicate what estate interests were left unsettled, he merely contends the post-settlement amendment of Beatrice's petition was not appropriate and constituted a breach of
Beatrice's fiduciary duty to Alexandria's estate. 

 Survival actions and wrongful death actions are separate and distinct causes of action.
Landers v. B.F. Goodrich Co., 369 S.W.2d 33 (Tex.1963). An action for wrongful death is
conferred by Section 71.02 of the Texas Civil Practice & Remedies Code upon the surviving
husband, wife, child, and parents of a decedent. A survival action, on the other hand, is a common
law action for damages sustained by the decedent and her estate as a result of injuries inflicted by
the defendant. Under Section 71.021 of the Texas Civil Practice & Remedies Code, a decedent's
action survives her death and may be prosecuted in her behalf. The survival action is wholly
derivative of the decedent's rights. Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 345 (Tex.1992).
The actionable wrong is that which the decedent suffered before her death. Id. The damages
recoverable are those which the decedent sustained while alive and not any damages claimed
independently by the survival action plaintiffs (except that funeral expenses may also be recovered
if they were not awarded in a wrongful death action). Id. Any recovery obtained flows to those who
would have received it had she obtained it immediately prior to her death-that is, her heirs, legal
representatives and estate. Id. 

 Here, the only damages Beatrice sought on behalf of Alexandria's estate were those
attributable to any conscious physical pain or mental anguish Alexandria may have suffered before
her death. Bruno sought similar damages on his own behalf. On appeal, Bruno does not contend
there were other damages recoverable by the estate, nor does he contend there was evidence that
Alexandria suffered conscious physical pain or mental anguish before her death. Because the parties
could not prove Alexandria suffered conscious physical pain or mental anguish before her death, and
because medical and funeral expenses were paid by Beatrice, there were no other damages to be
recovered by the estate. Thus, the trial court did not abuse its discretion in denying Bruno's motion
to allocate a portion of Beatrice's settlement to the estate.

 We affirm the trial court's judgment. 

 Tom Rickhoff, Justice

DO NOT PUBLISH