## GOETH v. McCOLLUM et al.

### No. 9852.

Court of Civil Appeals of Texas. San Antonio.

May 20, 1936.

Goeth, Webb & Goeth, of San Antonio, for appellant.

Henry, Bickett & Bickett, of San Antonio, for appellees.

BOBBITT, Justice.

On February 11, 1935, B. E. McCollum, Pete Murray, and Mozzelle Murray, wife of Pete Murray, as partners and as plaintiffs, appellees here, brought this suit in the county court at law No. 1 of Bexar county against Fred C. Goeth, in his official capacity as administrator of the estate of Mamie Jewett, deceased, as defendant, appellant here, wherein it was alleged that appellees owned and operated the partnership business known by the trade-name of Hagy & McCollum, Funeral Directors, and that during September, 1934, appellees conducted and directed the funeral of Mamie Jewett, deceased, furnishing a casket and complete funeral service, which included the furnishing of passenger cars, clothing, and the preparation of the grave, for all of which a charge was made in the sum of $522; that said services, supplies, and equipment were specifically contracted for and ordered by the family of said decedent, and by reason of such fact the estate of the decedent became charged with, and obligated to pay, the amount of said funeral bill, as

a claim of the first classification and order under the laws of Texas.

Appellees alleged, in the alternative, that said services and equipment were reasonably necessary and appropriate for the proper conduct of the funeral of said decedent, and that each and every one of said items were of the reasonable value of the prices charged therefor.

Appellees further alleged that a claim in the sum of $522 was duly presented to the administrator, properly authenticated, during November, 1934, which was rejected in whole, and that payment was at all subsequent times refused by said administrator, and by reason whereof this suit became necessary in order to have said claim established, allowed, and paid as a first and preferred claim against said estate.

Annexed to the petition, as exhibits, appeared an affidavit to the claim mentioned in the petition, the administrator's rejection of same, and a statement of the account in detail.

On May 21, 1935, appellant filed his first amended original answer, demurred generally to appellees' pleadings, and specially excepted to the items of plaintiffs' account reading "Sept. 23. Casket with complete service $465.00," because said complete service was not specifically described. He then denied the allegations of plaintiffs' pleadings, and for special answer alleged that the gross value of the Jewett estate was only approximately $1,152, against which lawful claims existed in the sum of about $550, without taking into account this claim of appellees, or the cost of marking a gravestone, costs of the probate court, or the court below, attorney's and administrator's fees; that the charges of appellees were, singly and in the aggregate, unjust and unreasonable; that said funeral and the charge made therefor was not suitable to the estate of the deceased, and was unwarranted and excessive, considering the net value of the estate; that no person had any right or authority to incur funeral expenses in the amount demanded by appellees and to bind the estate for the payment of same; that a proper and reasonable charge, in view of the net value of the estate, for the casket, clothing, and services rendered by appellees, was a sum not exceeding $250; that, when the claim of appellees was presented to appellant for allowance, all such facts, though long previously known to appellees, were again stated to them by appellant, who offered to approve appellees' claim and allow same for the sum of $250,

but no more; but that appellees refused to reduce their claim and insisted that it be approved in full; that appellant declined to approve said claim and then rejected same; that appellant has at all times been ready, willing, and able to approve appellees' claim for any amount not to exceed $250.

Appellant denied that appellees were entitled to recover anything, on the claim as presented, but stated that, should recovery be allowed, it be limited to $250; further, appellant sought to recover his costs and attorney's fees in this cause against appellees upon the theory that their demands were unjust and unreasonable, and he should recover the fee and costs he had been forced to incur in order to defend the action.

On May 21, 1935, after the court had overruled and sustained certain exceptions of the parties, the cause proceeded to trial before a jury. After appellees had introduced their evidence, appellant urged his motion for an instructed verdict, which was overruled.

After the appellees had concluded their testimony and appellant's motion for an instructed verdict had been overruled, a discussion was had by the court and counsel in open court, but in the absence of the jury, at which time it was made known to appellees' counsel that evidence would be offered to support the allegations of appellant's trial answer, but the court, being of the opinion that the facts pleaded by appellant, as above set out, would not constitute a defense to appellees' case, refused to allow the introduction of appellant's said evidence, except in the absence of the jury, for the purpose only of having said testimony and evidence appear in and as a part of appellant's bill of exceptions to the action of the court in this regard. The court thereupon, after allowing the appellant to offer his evidence in the absence of the jury only for the purpose mentioned, and upon appellees' motion therefor, instructed the jury to return its verdict in favor of appellees.

Upon such instructed verdict the court rendered judgment against appellant for the sum of $522, with all costs; and that $500 of said sum was adjudged to be a claim of the first class against the estate of Mamie Jewett, deceased, with priority over all other claims.

In this case appellees pleaded and proved that (a) the funeral facilities and services

furnished in this instance were contracted for by a member of the family and the only brother of the deceased, and (b) that the prices charged represented the reasonable value of the supplies and services furnished. Appellees did not show, or attempt to show, that the said supplies and services so provided were suitable to the station in life of the deceased, and that they were reasonable, considering the value and condition of deceased's estate. In connection with and prior to the furnishing by appellees of such facilities and services, it is undisputed that appellees made some investigation of the condition of said estate, and understood that the assets thereof were very limited. In fact, it is shown by appellees themselves that they suggested a cheaper or more reasonable funeral service than that furnished.

■ Appellant pleaded, and offered to prove on the trial, that the supplies, facilities, and services furnished for the funeral and the charges therefor were unreasonable and excessive, considering the value and condition of the estate of deceased, all of which was known and understood by appellees; but the trial court refused to permit appellant to make any proof under such pleadings. This action of the trial court we believe was erroneous.

■ It is true, as stated by appellees in their brief, that, in such cases as this, one called upon to furnish the supplies and services for a funeral is not expected or required to appraise the estate of the deceased, or during the short space of time within which to arrange for the funeral go into the technical requirements or legal safeguards concerning the supplies and services requested or furnished. However, such rule does not authorize or justify a party in a course of conduct which might be unreasonable or unjust to the deceased's estate or to the other creditors thereof. It seems clear to us that under such circumstances, as here presented, a member of a deceased's family is authorized to contract for supplies and services which are reasonable and appropriate to furnish the deceased with a decent and respectable funeral, and that such a contract, when made, is binding upon the estate. As to whether the contract calls for supplies and services that are appropriate and reasonable, under all the circumstances, however, is a question of fact, which we think under the pleadings should be also determined by the jury, or the court in the absence of a jury.

Article 3531 of our Revised Statutes, as amended (Vernon's Ann.Civ.St. art. 3531), provides in part: *"Classification of Claims.* The claims against an estate shall be classed and have priority of payment as follows: 1. Funeral expenses and expenses of last sickness for a reasonable amount to be approved by the County Judge, not to exceed the sum of Five Hundred ($500.00) Dollars; any excess to be classified and paid as other unsecured claims."

It was, and is, the purpose of the amendment to such statute to definitely fix a superior lien in favor of the funeral director, up to the amount of $500, against the estate of the deceased, for the supplies and services furnished for the funeral. It is observed that the amended statute expressly provides for such superior lien "for a reasonable amount to be approved by the county judge, not to exceed the sum of $500.00; any excess to be classified and paid as other unsecured claims."

■ We do not believe that such amended statute changed the general rule, apparently well established in this state, providing that under all the circumstances known or capable of being reasonably ascertained the expenses and charges incurred for the funeral must be reasonable and appropriate under the circumstances, and taking into consideration the station and condition in life of the deceased, and the extent of the property of the estate and its ability to discharge the obligation without undue injury to other legitimate creditors of the estate. Of course, under such amended statute the funeral director has a superior lien for his claim, not in excess of $500, if, under the circumstances, his claim is in a "reasonable amount." As to whether the claim or charge is in a reasonable amount is to be determined by agreement when the supplies and services are contracted for, or by the courts in absence of a valid contract. In either event, by agreement before the supplies and services are furnished, or thereafter in the absence of any agreement, if the question is raised, as here, of the unreasonableness or excessiveness of the charge, the claimant cannot discharge his burden by simply proving (1) an agreement with a member of deceased's family to furnish the supplies and services, and (2) the value of such. He must show that the charges were reasonable as above indicated. Article 3531, R.

S.1925, old and as amended in 1931 (Vernon's Ann.Civ.St. art. 3531); 24 C.J. pp. 93 and 307; 14 Tex.Jur. p. 176, and authorities cited; Richardson v. McCloskey (Tex.Com.App.) 276 S.W. 680; Smith v. Farrington, 117 Tex. 459, 6 S.W.(2d) 736; Wright v. Harned et ux. (Tex.Civ.App.) 163 S.W. 685.

The evidence as to the reasonableness or unreasonableness of the funeral bill of the decedent, as submitted by appellee, is conflicting. It is not a question of law, but one of fact, whether $522 or any lesser amount is a reasonable charge for the supplies and services furnished by appellees, and the court should have permitted evidence on the question, and, if sufficient under the pleading, submitted the matter to the jury.

Under our above conclusion on the propositions discussed, it is unnecessary to refer to the other questions raised in the appeal.

For the reasons stated, we find that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.