Juanita ROBERTS, Appellant,

v.

SCHOOLER–GORDON FUNERAL DIRECTORS, INC., Appellee.

No. 07–85–0178–CV.

Court of Appeals of Texas, Amarillo.

June 27, 1986.

Rehearing Denied July 17, 1986.

Frederic M. Wolfram, The Wolfram Law Firm, P.C., Amarillo, for appellant.

Norman E. Gutzmer, Miller & Herring, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit to collect a funeral bill. Appellant Juanita Roberts, the administratrix of the estate of her deceased husband, contends by thirteen points of error that appellee Schooler-Gordon Funeral Directors, Inc. failed to prove its entitlement to judgment and was guilty of usury. We affirm in part and reverse and render in part.

W.C. Roberts died in November 1983. Immediately after his death his daughter, Julia Gallagher, contracted with Schooler-Gordon for the funeral service and sup-

plies. The contract established a total price of $4,465.00[1] for the service, casket, and casket enclosure. The contract also provided for the payment of interest, as follows:

> In consideration of SELLER performing the services, furnishing the materials and incurring the charges as specified above, BUYER(S) agree to pay to SELLER the sum of $4480.50, payable within thirty (30) days of the date of this agreement. All past due amounts shall bear interest at the rate of 15% percent per annum until paid in full.

After the funeral, a dispute arose between the parties and Mrs. Roberts, as administratrix, refused to pay the funeral bill. Schooler-Gordon sued her for the balance due on the contract, and alternatively in quantum meruit. She responded with various defenses and a counterclaim charging the funeral home with usury. After a nonjury trial, the trial court awarded Schooler-Gordon the balance due on the contract, $4,465.00, plus contractual interest of $939.12, attorney's fees of $2,500.00, court costs and statutory post-judgment interest, and denied any recovery to Mrs. Roberts on her counterclaim. In support of its conclusion that the contract signed by Julia Gallagher was binding on the estate, the court found that the prices charged by Schooler-Gordon "including interest charged thereon, are reasonable and appropriate in consideration of the value and consideration of the Estate of W.C. Roberts, Deceased."

In this Court, Mrs. Roberts argues, under her first eleven points of error, that the evidence is factually and legally insufficient to support the trial court's findings and conclusions.[2] She then argues, under points twelve and thirteen, that she should have recovered on her usury cause of action. We will dispose of all the points by a single analysis.

Mrs. Roberts' challenges to the sufficiency of the evidence require us to apply two standards of review. Because Schooler-Gordon had the burden of proof on the issues in question, we resolve the legal sufficiency challenge by examining the record for probative evidence to support the fact findings, while ignoring any contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We resolve the factual sufficiency challenge by examining the record to determine whether there is some probative evidence to support the fact findings and whether, considering all of the evidence, the findings are not manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

Those review standards must be collated with the elements of proof of the winner's cause of action or affirmative defense, in order to resolve the loser's evidentiary sufficiency challenges. Here, the cause of action upon which Schooler-Gordon prevailed was grounded in contract and based on common law principles pronounced in *Goeth v. McCollum*, 94 S.W.2d 781 (Tex. Civ.App.—San Antonio 1936, no writ). In *Goeth*, as here, a member of the family contracted with the funeral home for funeral services and the administrator refused to pay the bill. The San Antonio Court of Civil Appeals concluded that a member of the decedent's family could contractually bind the estate for funeral expenses. However, the court established three elements of proof in those cases where the estate contends the contractual charges are unreasonable. The funeral home must prove:

> (1) It has a contract with a member of the decedent's family;

> (2) The amount charged represents the reasonable value of the supplies and services furnished; and

> (3) The amount charged is appropriate for the decedent, taking into considera-

---

1. The original contract price was $4,480.50. However, a charge for death certificates included in that total was paid directly by appellant and the contract price was reduced to $4,465.00.

2. Mrs. Roberts realizes that conclusions of law cannot be challenged by accusations of evidentiary insufficiency, but suggests that the conclusions are actually mislabled findings of fact.

tion his or her station in life, the extent of property in the estate, and the ability of the estate to discharge the obligation without undue injury to the other creditors.

*Goeth* bends several basic contractual principles, but it represents a sensible solution to a practical problem, and we will follow it.[3]

■ When we analyze, by the review standards set out, the evidence in support of the three elements of proof, we conclude that Mrs. Roberts can prevail on only one of her numerous contentions. The contract was introduced and its execution by decedent's daughter was proven, providing ample evidentiary support for the first element. The funeral director testified that the funeral supplies and services were reasonable charges and appropriate for someone of the decedent's station in life and his testimony is sufficient support under the second and third elements, for the award of $4,465.00 for the funeral bill. The parties stipulated to the reasonableness of the $2,500.00 in attorney's fees and the propriety of that award is not challenged. The court costs and post-judgment interest are statutory awards appropriate in these circumstances.

■ However, there is no evidence to prove either the reasonableness or the propriety of the 15% interest charge levied under the contract by Schooler-Gordon. Therefore, that award of $939.12 must be deleted from the judgment. *Accord Royal Indem. Co. v. Little Joe's Catfish Inn*, 636 S.W.2d 530, 535–36 (Tex.App.—San Antonio 1982, no writ).

Mrs. Roberts agrees that the interest charge is without evidentiary support, but she says it is also an unauthorized charge that entitles her to even more relief because there is no binding contract and no statutory provision allowing the interest charge. She contends that, under *Goeth*, the contract is only evidence of the reason-

able value of the supplies and services furnished and, because she has challenged the reasonableness of the charges, Schooler-Gordon can only recover on quantum meruit, if at all. That being true, says Mrs. Roberts, the 15% interest charged by Schooler-Gordon is usurious, recovery of the funeral expenses is barred and she is entitled to damages, costs and attorney's fees under articles 5069–8.01(a) and 5069–8.02 of the Texas Revised Civil Statutes Annotated (Vernon Pamph.Supp.1986).

■ Her argument must fail because we have held that the contract is binding on the estate. *Goeth* does not hold that the contract is evidentiary only, if challenged. Instead, it imposes additional elements of proof that the funeral home must satisfy in order to overcome the challenge and recover on the contract. Under a contract, the parties can agree to any interest rate they desire, within the parameters of article 5069–1.04 of the Texas Revised Civil Statutes Annotated (Vernon Pamph.Supp.1986).

Here, Schooler-Gordon proved a binding contract and the interest rate is within the statutory parameters. Thus, there is no usury. Schooler-Gordon cannot recover the interest, because of an evidentiary deficiency, but its attempt to do so does not subject it to the penalties of articles 5069–8.01(a) and 5069–8.02.

Mrs. Roberts also says interest is not a part of the supplies and services that may be contracted for under *Goeth*. However, we do not read *Goeth* so narrowly. We believe that its principles apply to any charge directly related to the funeral, including a charge for extension of credit by the funeral home. Points of error one through eleven are sustained as to the charge for contractual interest of $939.12. Otherwise, those points of error, and points of error twelve and thirteen are overruled.

That portion of the judgment awarding Schooler-Gordon $4,465.00 for the sum due

---

**3.** We realize that under section 322 of the Texas Probate Code Annotated (Vernon Supp.1986) it may not be necessary for the funeral home to have a formal contract. Funeral expenses are recognized for payment and given a Class 1 priority by law. However, the contractual relationship is critical to the analysis of Mrs. Roberts' usury claim, as will be demonstrated later.

on the contract, attorney's fees of $2,500.00, costs of court and post-judgment interest is affirmed. The portion of the judgment awarding Schooler-Gordon contractual interest of $939.12 is reversed and judgment is hereby rendered that Schooler-Gordon take nothing on its claim for interest.