**Patricia Ann GRANT, Appellant,**

v.

**Bill F. GRIFFIN, Jr., Administrator of the Estate of Wilbert Edward Suggs, Appellee.**

**No. 88.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 29, 1964.

Rehearing Denied Nov. 12, 1964.

Robert Fairchild, Fairchild & Hunt, Center, for appellant.

Ralph Zeleskey, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellee.

SELLERS, Justice.

This is a suit by Patricia Ann Grant to recover damages for personal injuries against the administrator of the estate of Wilbert Edward Suggs, as a result of a car wreck in which both parties were riding, when the car left the road and struck a tree killing Wilbert Edward Suggs and severely injuring Patricia Ann Grant. The alleged grounds of recovery was the negligent conduct of Wilbert Edward Suggs in drinking and driving his car at a dangerous high rate of speed over wet roads, which caused the car to leave the road and strike the trees. This conduct on the part of Suggs was over the protest of Patricia Ann and she is the only witness to his conduct. Her testimony as to what happened as related in appellant's brief is as follows:

"Suit by Patricia Ann Grant against the administrator of the estate of Wilbert Edward Suggs to recover damages for personal injuries sustained on June 16, 1963, as the result of an automobile accident. The appellant alleged and attempted to prove, by evidence excluded by the court as set forth in appellant's bill of exception that on June 16, 1963, Wilbert Edward Suggs came to the home of appellant, and at approximately 4:00 o'clock p. m. appellant and the said Wilbert Edward Suggs left appellant's home a second time in a Ford Falcon pickup, with the said Wilbert Edward Suggs driving, and drove to the home of Butch and Lanell Beckham on the Mt. Enterprise highway about 4½ miles from the city of Timpson. That while at the home of Butch and Lanell Beckham, the said Wilbert Edward Suggs, unknown to appellant, drank two cans of beer. That at approximately 5:30 o'clock p. m. appellant and the said Wilbert Edward Suggs left the home of Butch and Lanell Beckham and started back towards

the city of Timpson, Texas. That upon arriving in the city of Timpson, Texas, and approximately 20 minutes after leaving the Beckham home, the said Wilbert Edward Suggs, without stopping the car, pulled a six-pack carton of beer out from behind the seat and started drinking the beer while driving around in the city of Timpson. That a heated argument occurred between appellant and the said Wilbert Edward Suggs, whereupon the said Wilbert Edward Suggs began to curse and drive reckless. That after the argument started, the said Wilbert Edward Suggs started driving the Falcon pickup towards Tenaha, Texas, from Timpson, Texas, whereupon the appellant requested that the said Wilbert Edward Suggs stop the car and let her out. That the said Wilbert Suggs slowed down and appellant opened the door, thinking that the said Wilbert Edward Suggs was going to let her out of the automobile. That the said Wilbert Edward Suggs never brought the automobile to a stop, and refused to allow appellant to get out. That the said Wilbert Edward Suggs continued to drink the beer and drive the car toward Tenaha, Texas, and refused the several requests of the appellant to let her get out of the pickup. That approximately 4½ miles from the city of Timpson, on the Tenaha road, while the said Wilbert Edward Suggs was driving around 80 miles per hour, with rain falling heavily, the said Wilbert Edward Suggs ran off the side of the road, and struck a bunch of trees, killing the said Wilbert Edward Suggs and severely injuring the appellant. That from the time the said Wilbert Edward Suggs started drinking the beer in the city of Timpson to the time of the accident at approximately 6:30 o'clock p. m., appellant had no chance to get out of the car. That at the time Wilbert Edward Suggs came to the home of appellant he showed no signs of having consumed any alcoholic beverage nor did he consume any alcoholic beverage up until the time the appellant and the said Wilbert Edward Suggs left the home of appellant for the second time, nor did the said Wilbert Edward Suggs, at the time appellant and the said Wilbert Edward Suggs left the home of the Beckhams, appear to be under the influence of intoxicating beverage, walk with a stagger or wobble, slur his speech, nor make any signs whatever that appellant could tell he had been drinking any alcoholic beverage.

"That after appellant and appellee had announced ready for trial, and before the voir dire examination had commenced, and in anticipation of proffered testimony, the appellee presented a motion in limine to the court to exclude any testimony by the appellant of any statement made by the deceased Wilbert Edward Suggs, of any observation by appellant of the deceased Wilbert Edward Suggs, of any action of the said Wilbert Edward Suggs, or of any conversation between appellant and the said Wilbert Edward Suggs from the time appellant left her home in the pickup driven by the said Wilbert Edward Suggs to the time of the accident made the basis of this suit, for the reason that same, if allowed, would be in violation of Article 3716, Texas Revised Civil Statutes [Vernon's Ann.Civ.St.] The court sustained appellee's motion in limine and during the trial appellee renewed its objection when appellant attempted to testify to the action of the said Wilbert Edward Suggs, appellant's observation of the said Wilbert Edward Suggs, physical facts existing at the time of and prior to the accident, movements of the vehicle in which appellant was riding at the time of and prior to the accident, and appellant's repeated requests prior to and up until the time of the accident for the said Wilbert Edward Suggs to stop the pickup

and let her out, from the time appellant left her home with the said Wilbert Edward Suggs up until the time of the accident from which this suit arose. That the court sustained appellee's objection, after which appellant asked that the jury be retired from the courtroom so that the testimony of appellant which had been objected to could be given by the appellant for the purpose of perfecting the appellant's bill of exception. After the jury was returned to the courtroom, appellant requested of the court that the entire testimony of appellant which had been offered outside the presence of the jury for purposes of perfecting appellant's bill of exception be admitted into evidence in the presence of the jury, to which appellee objected, and said objection was sustained by the court, the court stating that said objection was sustained by reason of Article 3716 and not on any form of the question or nature of it. That upon the jury being returned, testimony was offered showing injuries and damages suffered by appellant."

We might add to this statement that the record reflects that this couple were sweethearts and had been for some four years or more.

Upon the trial before a jury the court ruled that the evidence above offered by appellant was not admissible and was prohibited by Article 3716, Texas Revised Civil Statutes, well known in this state as the Dead Man's Statute. The appellant, not having any other evidence as to the deceased's conduct, rested its case and the court instructed the jury to return a verdict for the defendant and it is from a judgment entered on the verdict that appellant has duly prosecuted this appeal.

Article 3716 provides:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The language of this statute has been construed by the Supreme Court in the case of Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, as follows:

" * * * The words 'transaction with,' as used in statutes similar to ours relating to the admissibility of transactions with decedents, have often received judicial interpretation, and have been held to include every method by which one person can derive impressions or information from the conduct, condition, or language of another. * * *

" * * * The object of the statute was to prohibit the interested heirs and legal representatives from testifying to any facts, or opinions, based upon observations, arising out of any transaction with the decedent which the decedent could, if living, contradict or explain. Death having sealed the lips of one of the parties, the law, for reasons founded upon public policy, seals the lips of the other."

We are of the opinion that the ruling of the trial court excluding the testimony of the appellant was proper in view of the above statute as interpreted by the Supreme Court.

The appellant, in her brief on this appeal, relied entirely upon one case and that is Harper v. Johnson, 162 Tex. 117, 345 S.W.2d 277, in which the Supreme Court held that the above statute did not apply in a case where two strangers had a head-on collision on a highway. As we construe

this opinion, the Supreme Court simply held that the act of strangers colliding on the highway could not be construed as a transaction between the parties under this statute.

That situation was quite different from what we have here where the parties were riding in the same car and the survivor undertakes to describe the conduct of the deceased, his statements, his driving, the speed of the car, and the refusal to let the appellant out of the car, any one of which would amount to a transaction between the parties which is prohibited by this statute.

The judgment of the trial court is affirmed.